MONROE UPTON V. THE STATE.

*No. 313.   Decided April 25.*

1. **Carrying Pistol—Sale—Evidence.**—To avoid the effect of the State's case, appellant sought to prove the sale of his one-half interest in the pistol carried to one R., and that he was carrying it for the purpose of delivering it to R. *Held*, in contravention to this contention, it was admissible for the State to prove that defendant had the same pistol subsequently on his mother's premises, where he resided.

2. **Same—Defense, Honesty of.**—The fact that defendant was subsequently seen with the same pistol on his mother's premises bore directly and pertinently upon the honesty of the defense, and was an attack on the sale and delivery of the pistol, and was clearly admissible.

3. **Same—Question of Fact.**—Whether the sale and delivery was bona fide was a fact for the jury to determine.

4. **Evidence in Rebuttal.**—If evidence is necessary to a due administration of justice, it is admissible whether in rebuttal or not.   Code Crim. Proc., art. 661.

5. **Complaint—Validity of—Name of Affiant In.**—Having signed and sworn to it, it is not necessary to the validity of a complaint that the name of the affiant be set out in the body of the complaint.   Code Crim. Proc., art. 236.

APPEAL from the County Court of Karnes.   Tried below before Hon. W. A. LITTLE, County Judge.

Appellant, Monroe Upton, was charged by complaint and information, in the County Court of Karnes County, with unlawfully carrying a pistol.   At his trial he was convicted, with punishment assessed at a fine of $25, from which judgment he appealed to this court.

As a clear and sufficient statement of the facts is given in the opinion, we do not deem it necessary to reproduce them here.

*Bell & Johnson*, for appellant, presented and discussed fully, in their able brief and also in their motion for rehearing filed herein, which was overruled, all the questions noticed in the opinion of the court, but the same having been decided adversely to their contention, we do not deem it necessary to reproduce their propositions.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Defendant sought to avoid the effect of the State's case by proving the sale of his half-interest in the pistol carried by him to one Ragsdale, and that at the time he was seen with it he was carrying it to the purchaser, and never had it in his possession afterwards.   During this trip he was off his mother's premises, where he lived.   To meet this evidence, Hyatt was recalled for the State, and testified that defendant had the same pistol subsequently on his mother's premises.   This was clearly admissible.   It bore directly and pertinently upon the honesty of the defense, and was an attack upon the sale and delivery of the pistol.   Avoiding the sale, the defendant

carried the pistol off his premises. Whether the sale and delivery were bona fide was a fact for the jury.

It was not necessary that the evidence introduced should have·been in rebuttal. If it was necessary to a due administration of justice, it was admissible at any time under legislative enactment. Code Crim. Proc., art. 661.

It was not necessary to the validity of the complaint that the name of the affiant be set out in the body of the complaint. He signed and swore to it. Code Crim. Proc., art. 236.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.