### CHARLES MALZ v. THE STATE.

*No. 1400.  Decided February 19th, 1896.*

*Motion for Rehearing Decided November 18th, 1896.*

**1.  Complaint—Signature of Affiant—Surplusage.**

It is not necessary to state, in the body of the complaint, the name of the affiant or party making the same; the statute, Code Crim. Proc. Art. 236, requires the name to be signed at the foot of the complaint, and where this has been done a wrong name inserted in the body, by inadvertence or mistake, may be erased or stricken out as surplusage, and for that matter it is not error to insert the proper name.

ON MOTION FOR REHEARING.

**2. "Bailment"—Meaning of.**

"Bailment," is a transfer of the possession of personal property from one person to another without a transfer of the ownership of it upon a contract in trust express or implied, that the purpose of the contract shall be carried out.

**3. Conversion by Bailee—Not Necessary That "Bailment" be Defined in the Statutes.**

Art. 877, Penal Code in denouncing the offense of conversion by a bailee, by hiring or borrowing, uses the expression "or other bailments." Held: The meaning of "bailment" is so well understood that it is not necessary that it should be defined in the statute.

**4. Same—Pledge or Pawn.**

Where the evidence establishes a conversion of a pledge or pawn by a bailee. Held: Within the purview of the statute: and it does not matter that the employer of the accused received the proceeds of his conversion.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

Appeal from a conviction for conversion of property by a bailee; penalty, a fine of $75, and sixty days' imprisonment in the county jail.

Defendant's motion to quash the complaint was overruled, and the complaint was permitted to be amended.

The evidence shows that appellant was a clerk for one Fair, a pawn broker. That one Jackson, a negro, came into the store, during Fair's absence, and left a watch there, appellant having paid him $1. There is a direct conflict as to whether appellant bought the watch for the $1, or whether Jackson pawned it to him for the $1, upon the understanding and agreement that he could redeem it, within two weeks, for $1.35. Appellant sold the watch to one Williamson for $2, and paid the proceeds over to his employer, Fair, the pawnbroker. When Jackson went to redeem the watch, and tendered appellant $1.35, appellant claimed that the watch had been sold and was not pawned. Jackson produced his pawn ticket, but appellant denied that he had given him the ticket, and Fair testified, that, that ticket had been given Jackson by him on a ring which Jackson had pawned to him some time before. Jackson's testimony as to the transaction being a pawn and not a sale, was fully corroborated by that of William Thompson, who was with him at the pawn shop both times; that is, when the watch was pawned, and when Jackson went to redeem it.

Charley Johnson testified: "I know the defendant and Mr. Fair; one time I went to their place of business on Elm street, I think it was about the last of last year, and pawned them a coat, and was to redeem it in a certain time; went back after the coat within the time I agreed to come back after it, and neither one of them knew me, and said, that I never had pawned them a coat. I told them that I had, and that I had to have it. They got mad and threatened to put me out of the house. I started after a policeman, and they called me back and said they had sold it, and I told them I must have it, and started after an officer, when they called me back and gave my coat to me."

*S. H. Russell* for appellant.—The proof only applies to and supports a common law bailment known as a "pledge or pawn." We say common law bailment and mean that our statute fails to define a "pledge or pawn" as a bailment—hence we are relegated to the common law to know if the words "or other bailment" as used in Art. 742, Penal Code, include articles "pledged or pawned."

The affidavit and information alleging as they do a multiplicity of bailments, and the proof of what was done, shows a bailment that is not defined as such, has not appellant been convicted for an act, or offense, if you please, not defined or properly enumerated in our Code?

Article 742 specifically defines a contract of "hiring or borrowing" as a bailment, and when it says, as it does, "Any person having possession of personal property, etc., by virtue of a contract of 'hiring or borrowing,' or other bailment," it seeks to have us understand that "hiring or borrowing" is a bailment of the kind the statute refers to. The words, "other bailment," may refer to bailments of the same kind or family. Even if this was so, it would not include "pawn or pledge," as this is a bailment distinct from one of "hire, borrow or loan."

The object of our Code is to completely divorce what are offenses under it, from what are under any other system of laws, and each act made penal by it, if not properly defined in it, falls short of the standard fixed by our laws.

"Other bailment" is too indefinite, and under this we especially invite the attention of this court to this point, viz: Do the facts in this case establish a bailment? If true, as stated in the record, do they not show a "fraudulent misapplication" of the property entrusted to appellant by the prosecutor?

If A. hires or borrows a horse, he does not in any sense become the agent or the owner, but simply the bailee of the property. If A. advances money upon property received in pawn (as by the facts of this case), he has a conditional sale of the property, and ergo, is a conditional owner, in fact and law an agent of the ownership, and if he breaks the conditions he fraudulently misapplies when he sells and turns the proceeds over to another, in fact the real beneficiary; but if he sells and appropriates it to himself, he, in either case, if guilty of a crime at all, it is of embezzlement.

If appellant, under the proof, had a conditional sale of the watch, has he committed a crime? We invite attention to the facts.

The facts show that appellant did not convert the watch or its proceeds. Please examine the record. Appellant is but an ignorant Dutchman, yet the trial court should be forced to give him a judicial trial. Appellant was a clerk. Was he a bailee? And as such converted the watch. All of which is respectfully submitted.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted, under Penal Code, Art. 742a, for theft, by conversion of property intrusted to him

as a bailee, and his punishment assessed at a fine of $75 and sixty days' imprisonment in the county jail, and from the judgment of the lower court he prosecutes this appeal. The only contention of appellant that requires to be noticed is the exception taken by him to the action of the court in allowing the County Attorney to amend the complaint on which the information in this case was predicated. It appears the complaint originally read, in the beginning part, "Personally appeared, before the undersigned authority, R. L. Winfrey," and it was signed, and appears ot have been sworn to by William Jackson. A motion to quash was made on the ground that, in the body of the said complaint, it appeared to have been made by R. L. Winfrey, and not William Jackson. In response to the motion to quash, the County Attorney filed an answer, showing that the complaint, as shown by the affidavit, was signed and sworn to by William Jackson, and asked leave to amend the complaint by erasing the name "R. L. Winfrey," and inserting "William Jackson," which was permitted by the court. To the action of the court the defendant reserved his bill of exception. Code Crim. Proc., Art. 431, provides: "An information shall not be presented by the District or County Attorney until oath has been made by some credible person, charging the defendant with an offense. The oath shall be reduced to writing and filed with the information. It may be sworn to before the District or County Attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths." Article 236 states: "The complaint shall be deemed sufficient without regard to form, if it have these substantial requisites: (1) It must state the name of the accused, if known, and if not known must give some reasonably definite description of him. (2) It must state that the accused has committed some offense against the laws of the State, naming the offense, or that the affiant has good reason to believe, and does believe, that the accused has committed such offense. (3) It must state the time and place of the commission of the offense as definitely as can be done by the affiant. (4) It must be in writing, and signed by the affiant, if he is able to write his name, otherwise he may place his mark at the foot of the complaint." In the body of the complaint it is not necessary to state the name of the party making the complaint or affidavit at all. The statute requires that the name of the party making such complaint must be signed at the foot of the complaint, and not elsewhere. The complaint in this instance was signed, at the foot thereof, by the person making the complaint. This, with reference to the name of the affiant, was all that was required, and the name, as stated in the body of the complaint, should have been rejected as surplusage, or the discrepancy cured by amendment; and it was competent, as was done, to erase the name of Winfrey and insert that of Jackson. The evidence in the case supports the verdict, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was affirmed at the Dallas term, 1896, of this court, and now comes before us on motion for rehearing. The only question necessary to be considered in the motion, and which was not originally raised, is as to the construction of Article 877 of our Penal Code. Said article reads as follows: "Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished," etc. The contention of the appellant is that the indictment—which in this case alleges, among other things, a pledge or pawn, and which the proof establishes—is not covered by the statute; that is, that the statute specifies a hiring or borrowing, and the expression "or other bailment" does not include other offenses, where the property may be in the hands of a bailee and converted, because the statute does not define the term "bailment," and our law requires all offenses to be defined before a conviction can be sustained, there being no offenses outside of our statute. In other words, the contention is that the word "bailment" should be specifically defined; that is, that all characters of bailment should be specified. While it is true there are a number of different sorts of bailments, which are ordinarily classed into deposits, mandates, gratuitous loans, bailments for hire, and pledges or pawns, still each of said kinds of bailment is of the same general character, and is defined "to be a delivery of personal property to another, for some purpose, upon a contract, express or implied, that such purpose shall be carried out." See, Fulcher v. State, 32 Tex. Crim. Rep., 621; citing, 2 Bl. Comm., 451; Jones, Bailm., 117; and Story, Bailm,. § 2. In 2 Amer. and Eng. Ency. of Law, p. 40, "bailment" is defined as follows: "A transfer of the possession of personal property from one person to another, without a transfer of the ownership of it." These are standard definitions of the term, and are well understood, and there can be no difficulty about the meaning of the term "bailment." It is so plain that we apprehend that no person who receives the possession merely of any character of personal property in trust, upon some contract, express or implied, that the trust shall be performed in regard thereto, but knows that the said property is received in bailment, is not his own, and is to be restored to the owner after the trust has been performed, no matter what the character of the trust may be. Indeed, under our statutes with reference to embezzlements, no question has ever been made with reference to the term "bailee," as used in said statute, and it has been uniformly held that such term was sufficiently defined. Nor does the omission of one character of bailment, as a hiring or borrowing, restrict the meaning of the more comprehensive term "bailment." It was a canon in the construction of criminal laws, under the common-law system, that penal statutes must be construed strictly. But our statutes

authorize a liberal construction for the prevention, suppression, and punishment of crime.   See, Code Crim. Proc., 1895, Art. 25.   It is further provided "that this Code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects.   And no person shall be punished for an offense which is not made penal by the plain import of the words of the law." See, Penal Code, 1895, Art. 9.   "Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning, and all words used in this Code, except where the word, term, or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."   Id., Art. 10.   Holding, as we do, that the term "bailment" has a well-understood meaning, there was no necessity to further define the same in Art. 877, Penal Code.   The testimony in this case, we think, clearly establishes a pledge or pawn of the watch in question, and the conversion on the part of the bailee; and it does not matter that his employer received the proceeds of his conversion, if that be true.   The motion for rehearing is overruled.

*Motion Overruled.*