## ROY HALL v. THE STATE.

### No. 2417.    Decided April 23, 1913.

**1.—Carrying Pistol—Arrest of Judgment—Information—Date of Offense.**

Where the record showed on appeal that the information was filed on the same day on which the complaint was filed, although it bore no file marks and was then filed nunc pro tunc, there was no error; besides, this matter could not be reached by motion in arrest of judgment, but only upon motion to quash.

**2.—Same—Sufficiency of the Evidence—Statement of Facts—Filing.**

Where, upon an appeal from a conviction of unlawfully carrying a pistol, it appeared from the record that the purported statement of facts was filed too late, a complaint to the sufficiency of the evidence could not be considered.

**3.—Same—Statement of Facts—Practice on Appeal.**

Where it did not appear from the record why the alleged statement of facts was not filed in accordance with the statute, the same can not be considered, and the information being sufficient, the conviction must be affirmed.

Appeal from the County Court of Anderson. Tried below before the Hon. Adam Cone.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Jno. R. Moore* and *J. E. Rose,* for appellant.—On question of date of offense and filing of information: Williams v. State, 12 Texas Crim. App., 226; Goddard v. State, 14 id., 566.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the pistol law. Motion was made in arrest of judgment, because

the information does not specifically allege that the offense had been committed anterior to the presentment of the information; that it does not use the word "anterior" or its equivalent, "heretofore." The information alleges the offense to have been committed on the 28th of September, 1912. The complaint alleges the same date. The complaint was sworn to on the 2d day of October, 1912. The information bore no file mark, but upon motion in arrest of judgment, the facts show with reasonable certainty, that it was filed the same day on which the complaint was filed, towit: October 2. The court ordered that the information be filed nunc pro tunc as of October 2. The case was tried during the month of October. The court had the authority to order the filing nunc pro tunc. Further replying to this motion in arrest of judgment, it will be noticed under all the decisions that this matter can not be taken advantage of by motion in arrest of judgment; that is, with reference to the filing. These matters must come on motion to quash. See Branch's Criminal Law, section 888. We are of opinion that, in reference to these matters, there is no merit, and the law is against appellant's contention.

It is also urged that the evidence is not sufficient to support the conviction. If the facts could be considered there is substantial merit in this contention, but we are not authorized to consider the statement of facts because it was filed too late. Court adjourned on January 4, 1913, and the statement of facts was not filed until February 3, 1913. Under the law applicable to filing statement of facts in County Court the thirty-day time does not apply. Several decisions have recently so held. We can not, therefore, review the evidence. It may be further stated there is no order in the record entered by the court allowing any time after adjournment of court in which to file statement of facts. It seems, under the statute, that if an order was entered, the limit would be twenty days after the adjournment of court. It may be also stated in this connection that there is no showing made as to why the statement of facts was not filed in accordance with the statute. As the record is presented to this court, it is considered that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*