### R. B. Dunn v. The State.

No. 2490. Decided May 28, 1913.

Rehearing denied June 25, 1913.

**1.—Aggravated Assault—Complaint—Name of Affiant—Complaint.**

It is not necessary to name the person swearing to the complaint in the body of the complaint, and the contention that the person named in the body of the complaint is different from the one who signed it is not well taken. Following Malz v. State, 36 Texas Crim. Rep., 447.

**2.—Same—Misdemeanor—Bills of Exception—Requested Charge.**

In the absence of bills of exception in the record on appeal, complaints to the refusal of requested charges in a misdemeanor case can not be considered. Following Brunk v. State, 60 Texas Crim. Rep., 263, and other cases.

**3.—Same—General Objections—Motion for New Trial.**

Complaints in the motion for new trial stating that the court erred in failing and refusing to give certain special instructions, in the absence of bills of exception can not be considered on appeal. Following Ryan v. State, 64 Texas Crim. Rep., 628.

**4.—Same—Charge of Court—Simple Assault.**

Where defendant was charged with aggravated assault, he can not complain that the court, in his charge, submitted simple assault, even if the evidence did not raise this issue, which it did.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence sustained the con-. viction of simple assault, there was no error.

**6.—Same—Charge of Court—Motion for New Trial.**

Where appellant · neither at the time nor in the motion for new trial pointed out error in the court's charge, there was no error.

**7.—Same—Information—Simple Assault.**

See opinion for an information which is held to be sufficient to support a verdict for simple assault.

Appeal from the County Court of Hood. Tried below before the Hon. W. L. Dean. ·

Appeal from a conviction of simple assault; penalty, a fine of $15.

J. T. Daniel, for appellant.—On question of insufficiency of information: Wolsey v. State, 14 Texas Crim. App., 57; Hickman v. State, 14 id., 576; Johnson v. State, 19 id., 545; Orr v. State, 25 id., 453; Smith v. State, 25 id., 454.

On question of complaint and affiant's name: Lanham v. State, 9 Texas Crim. App., 232; Neiman v. State, 29 id., 360.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Information and complaint was filed against appellant charging him with aggravated assault; when tried he was convicted of simple assault and his punishment assessed at a fine of $15.

Appellant filed a motion in arrest of judgment on the ground that in the body of the complaint the person who made it is called Lon Lowe, while it is signed A. P. Lowe, the contention being that there is no proof that Lon Lowe and A. P. Lowe was one and the same person. Under all the decisions of this court, it was unnecessary to name the person swearing to the complaint in the body of the complaint, and, being unnecessary to state the name in the body, this presents no vari-- ance. In the case of Malz v. State, 36 Texas Crim. Rep., 447, in the body of the complaint it stated that R. L. Winfrey was the complaint, while it was signed at the bottom by William Jackson, and in that case the court says: "In the body of the complaint it is not necessary to state the name of the party making the complaint or affidavit. The statute requires that the name of the party making such complaint must

be signed at the foot of the complaint, and not elsewhere," and there-·
fore the motion to quash was properly overruled. All of our decisions
so hold.

This is a misdemeanor complaint and conviction, and there are no
bills of exception in the record. In Brunk v. State, 60 Texas Crim.
Rep., 263, this court, speaking through Presiding Judge Davidson, said:
"In the absence of an exception taken at the time and special instruc-
tions requested and refused, we would not feel justified under our prac-
tice to reverse a judgment for the supposed error in the charge, even if
it be conceded to be error. . . . Under our statute and the decisions
construing the statute the rule in regard to exceptions to the charge in
misdemeanors is different from that in felony cases. As before stated,
in order for appellant to take advantage of the supposed error he should
have excepted to the charge as given at the time and requested a special
instruction properly submitting that issue." See also Vasquez v. State,
56 Texas Crim. Rep., 329. As·there were no exceptions to the charge of
the court at the time of the trial, in fact in this case, there is none in
the motion for new trial; so if the charge of the court should be erro-
neous, it is not presented in a way we could review it.. Two special
charges were requested, but no bills of exception were reserved to the
failure of the court to give them. It seems that members of the bar will
not take into consideration the difference in procedure in felony cases
and in misdemeanor cases as prescribed in our statutes and decisions.
Not only were no exceptions reserved at the time of the trial, but the
complaints in the motion for the new trial are too general, reading,
"Because the court erred in failing and refusing to give in charge to
the jury special instruction No. —, because said charge is a part of the
law of the case." Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W.
Rep., 878, and cases cited.

The contention that the court erred in submitting simple assault is
a matter about which appellant ought not to complain. If in fact, the
testimony had not raised that issue, a submission of it would have been
favorable to defendant. But in·fact the evidence did raise that issue,
and the court would have erred if he had not submitted it.

The evidence for the State amply supports the verdict, and while the
testimony offered in behalf of defendant, while admitting he struck
Deering, would raise the issue of self-defense, the court in his charge
presented this issue to the jury.

The appellant neither at the time, nor in the motion for new trial,
points out error in this charge, and the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1913.

HARPER, JUDGE.—Appellant has filed a lengthy motion for rehear-
ing, citing many authorities holding that if an information charges no

offense, this fact may be taken advantage of on appeal. This is unquestionably the law, but the information in this case reads:

"In the name and by the authority of the State of Texas:

I, Junior M. Ator, County Attorney of the County of Hood, State aforesaid, in behalf of said State, presents in the County Court of said county, at the December term, A. D. 1912, of said court, that R. B. Dunn, on or about the 30th day of November, A. D. One Thousand Nine Hundred and Twelve, and before the filing of this information, in the County of Hood and State of Texas, R. B. Dunn, with a crutch, the same then and there being a deadly weapon, did unlawfully commit an aggravated assault in and upon Knox Deering; and with said deadly weapon did then and there strike the said Knox Deering, against the peace and dignity of the State.

Junior M. Ator,

County Attorney of Hood County, said State."

This unquestionably charges an offense against the law, and is sufficient to support a verdict for simple assault. All the other questions were passed on in the original opinion.

The motion for rehearing is overruled.

*Overruled.*