### WILL MURPHY V. THE STATE.

No. 3016. Decided February 18, 1914.

**Local Option—Information—Complaint—Name of Affiant.**

Where, upon trial of a violation of the local option law, the information was based upon a sufficient complaint, and the only objection to the information was that the complainant's name was not inserted in the information until the trial had begun and the county attorney filled the same out without the consent of the court, the information was, nevertheless, sufficient as affiant's name in the body of the information was entirely unessential. Following Malz v. State, 36 Texas Crim. Rep., 447, and other cases.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—A complaint was made by J. R. Garner before the county attorney, duly signed by Garner and sworn to before said county attorney, charging appellant with unlawfully selling intoxicating liquors in prohibition territory. The complaint is in every way full, complete and regular. It is not only signed by Garner and sworn to by him before the county attorney, but the body of the complaint shows, "Before me, the undersigned authority, on this day personally appeared J. R. Garner who, etc." This was signed and sworn to on October 6, 1913. On the same date and based exclusively on this affidavit, the county attorney filed an information which is in every way

complete, perfect and regular, except that it started out, after saying in the name, etc., of the State, "Now comes F. A. Taylor, county attorney of Gregg County, Texas (upon affidavit of J. R. Garner hereto attached and made a part hereof), etc." This is as it appears in the record before us.

The appellant waived a jury and submitted his case to the court. The court found him guilty and assessed his punishment at a fine of $25 and sixty days in jail. Appellant made a motion in arrest of judgment, claiming that the information was insufficient in that the name of the complainant, J. R. Garner, was left blank in the information at the time it was filed, when both parties announced ready and until most of the evidence was introduced; that thereupon the county attorney inserted the name J. R. Garner in the first part of the information above quoted without leave of the court, or under its direction or authority. No complaint of this was made at the time it was done, nor until the motion in arrest of judgment was filed after the trial was concluded. The court heard evidence on the matter, and in his judgment overruling the motion to arrest specifically finds that at the time the information was filed it did not contain or show in the body thereof the name of the said affiant upon whose complaint such information was based and presented and the same was known to the defendant and his attorneys at the time of the announcement of ready for trial; that the said complaint was filed simultaneously with the information and the information was based and presented thereon; that after the announcement of ready for trial by both parties and after the State had introduced a portion of the testimony the county attorney, without leave of the court and without the knowledge or consent of the court, inserted in said information the said name "J. R. Garner," the same being the name of the affiant who had attested and sworn to said complaint; that there was no motion made or leave asked of the court to permit the insertion of this name in the information. The court thereupon held that the absence of said name in the information at the time of its presentment and announcement of ready did not and does not in any manner vitiate said information, the same being a matter of form only and the subsequent insertion of affiant's name in the information, without leave of the court, is held to be void and considered as surplusage and not an amendment of said information. The absence of the affiant's name in the body of the information being a matter of form only and the defendant would be required to take advantage thereof by proper motion before or at the time of the announcement for trial, and that such objection could not be raised for the first time after the trial and conviction by motion in arrest.

Our statute, Code Criminal Procedure, article 479, forbids the county attorney to file an information until the proper complaint has been made. In prescribing the requisites of an information, article 478, Code Criminal Procedure, does not require such information to state upon whose affidavit it is based. "It is wholly unnecessary to state in the information that it is founded upon complaint in writing under oath,

or to make any mention whatever of the oath. This is not one of the requisites of an information. (C. C. P., art. 478.) If the oath is filed with the information it is all that the law requires in this respect. (C. C. P., art. 479.)" Johnson v. State, 17 Texas Crim. App., 230. The court's ruling was in every way correct and proper. Malz v. State, 36 Texas Crim. Rep., 447; Edgerton v. State, 68 S. W. Rep., 678; Taul v. State, 61 S. W. Rep., 394; Upton v. State, 33 Texas Crim. Rep., 231; Hall v. State, 70 Texas Crim. Rep., 240, 156 S. W. Rep., 644.

There is no statement of facts in the record and no other question raised which can be considered. The judgment is affirmed.

*Affirmed.*