### Scott Williams v. The State.

No. 4134.    Decided June 21, 1916.

**1.—Theft—Indictment—Rule Stated—Pleading.**

The rule is that an indictment may contain as many counts charging the same transaction as is deemed necessary to meet the proof and to prevent a variance, and there was no error in overruling a motion to quash on the ground of ambiguity.

**2.—Same—Election by State—Charge of Court.**

Where, upon trial of theft, the indictment contained several counts, charging the same transaction, the State was not required to elect; however, as the court only submitted certain counts, this in itself was an election.

**3.—Same—Evidence—Check—Money—Proof.**

Where the indictment alleged theft and embezzlement of money and not of any check, it was unnecessary to produce the check; besides the record shows that the check could not be produced.

**4.—Same—Bailee—Charge of Court.**

Where the proof did not show that defendant had any interest in the money he stole as bailee, there was no error in the court's failure to submit a charge thereon; besides this matter was not properly raised on appeal.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft as bailee, the evidence sustained the conviction, there was no reversible error. Following Malz v. State, 36 Texas Crim. Rep., 447, and other cases.

**6.—Same—Indeterminate Sentence Law.**

Where the sentence did not comply with the indeterminate sentence law, it will be reformed and the cause affirmed.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of theft as bailee; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*D. R. Pickens,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of election: Collins v. State, 178 S. W. Rep., 345.

On question of indictment: Dowdy v. State, 64 S. W. Rep., 253.

PRENDERGAST, Presiding Judge.—Appellant was convicted of theft as bailee, and his punishment assessed at three years confinement in the penitentiary.

The indictment was in four counts: the first alleged theft as bailee of the property of A. N. Prince; the second, embezzlement of the property of the same person; the third, theft as bailee of the property of W. S. Willis; and the fourth, embezzlement of the property of said Willis.

The court committed no error in overruling appellant's motion to quash the indictment on the ground that it was ambiguous in that the first two counts charged the theft and embezzlement of the property of Prince, and the second two, that of Willis. The rule is, that an indictment may contain as many counts charging the same transaction as is thought necessary to meet the emergencies under the testimony, that is, to meet the proof as it transpires and to prevent a variance. (1 Branch's Ann. P. C., sec. 507, and cases cited.)

The court committed no reversible error in refusing to require the State to elect between the counts alleging the theft and embezzlement of the property of Prince and the theft and embezzlement of the property of Willis. It is not shown when this motion was made and acted upon by the court. However, the court in his charge submitted only those counts applying to Willis and submitted neither as applicable to Prince. This was an election sufficient to meet appellant's motion, even if well made.

The theft and embezzlement alleged was of money and not of any check. It is true the proof showed that appellant procured the money on a check and converted the money after he had procured it. It was, therefore, unnecessary to produce the check. However, if it had been, the record shows that the check was in the possession of an absconded

"pal" of appellant, and that it was, therefore, impossible to produce the check even if it had been necessary to do so.

The proof did not show, nor tend to show, that appellant had any interest in the money he stole as bailee. Hence, the court did not err in refusing his charge that if he had any· interest in the money, he would be guilty of no offense. Besides, the request for such an instruction is not raised in such a way that we could review it under the recent statute and decisions.

The evidence was clearly sufficient to support the conviction. It is unnecessary to detail it. Malz v. State, 36 Texas Crim. Rep., 447. See, also, Leonard v. State, 56 Texas Crim. Rep., 307; Harding v. State, 49 Texas Crim. Rep., 601; Goodwyn v. State, 64 S. W. Rep., 251.

The sentence does not comply with our indeterminate sentence law. It will, therefore, be necessary for it to be reformed so as to comply therewith, which is hereby ordered.

The sentence will be reformed and the judgment affirmed.

*Affirmed.*