## COOPER v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted November 7, 1928. Decided
January 7, 1929.

No. 4787.

Bertrand Emerson, Jr., of Washington, D. C., for appellant.

Leo A. Rover and Wm. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant was tried upon an indictment containing two counts, one of which charged embezzlement, the other larceny. He was convicted of embezzlement and acquitted of larceny, and sentence was imposed accordingly. The present appeal presents but a single assignment of error, to wit, the claim that a fatal variance appears between the allegations of the charge of embezzlement contained in the indictment, and the proof in support thereof.

It was charged in the indictment that the defendant, while employed and acting as agent and clerk of the National Fruit Product Company, a body corporate, had in his possession and care as such agent and clerk the sum of $500 in lawful money belonging to the corporation, which had come into his possession and care by virtue of his employment, and that the defendant, while acting as such agent and clerk, did feloniously convert the same to his own use and embezzle the same.

At the trial it appeared by uncontradicted testimony that the defendant, while acting as a clerk of the corporation, was intrusted with a blank check signed for the corporation by its treasurer, and drawn upon one of its depositary banks, to be used by the defendant for the purpose of covering a possible shortage which might occur in the corporation's account with another bank in which it was a depositor; and that the defendant furtively and without authority filled in the blanks of the check so as to make it payable in the sum of $500 to another person acting as an intermediary, who paid defendant that sum in installments and deposited the check to his own credit in the bank; that by means of this transaction the defendant procured the sum of $500 drawn from the corporation's account with the bank, which he converted to his own use.

It is contended by appellant that this evidence, if accepted as true, discloses an embezzlement of the check by defendant, but not an embezzlement of $500 in money as charged in the indictment. It is argued that a fatal variance thus appears between the allegations of the indictment and the proof.

We do not agree with this contention. In contemplation of law, the money which the defendant procured by the unlawful use of the corporation's check belonged to the corporation, and was held in trust for it by the defendant in the same manner as was the check itself. The circumstance that another person was used as an intermediary in procuring the money from the bank does not alter the essential character of the transaction. The fact remains that the defendant drew $500 of the corporation's money from the bank by means of the wrongful use of the check with which he had been intrusted, and converted the money thus procured to his own use. There was therefore no material variance between the charge made in the indictment and the proof upon which the defendant was convicted. State v. Meininger, 306 Mo. 675, 268 S. W. 71; Gurley v. State, 157 Ark. 413, 248 S. W. 902; People v. Crane, 34 Cal. App. 599, 168 P. 377; Williams v. State, 80 Tex. Cr. R. 12, 188 S. W. 430; Territory v. Hale, 13 N. M. 181, 81 P. 583, 13 Ann. Cas. 551; State v. Disbrow, 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190; Prinslow v. State, 140 Wis. 131, 121 N. W. 637.

The judgment of the lower court is affirmed.