C. J. Stanzel v. The State.

No. 12449. Delivered April 17, 1929.
Rehearing denied June 12, 1929.

The opinion states the case.

*Harris & Harris,* and *S. L. Staples* of Austin and *J. C. Honts* of Senton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for the possession of equipment for the manufacture of intoxicating liquor; punishment, one year in the penitentiary.

Officers armed with a search warrant went to a house owned and apparently controlled by appellant. Same had been an ice house. The building was locked. They went to where appellant was and informed him that they wished to search said ice house, and he said all right. They asked him to get his keys and go with them. He got a bunch of keys, but when they got to the ice house, after making various efforts to unlock the door, he informed them he did not have the right key. They told him they would go with him to get it and he went down to a Mexican's house near by and went in, then came out and went to the door of the ice house and unlocked it. Nothing was found on the ground floor, which appeared to be unused, but on the second floor there was a room nicely partitioned off and fixed up and in it was a complete still and a quantity of mash and some ten gallons of whisky. Appellant's defensive theory was that he had rented the ice house to a man named Brinkett, and that he was not aware of the fact that Brinkett was manufacturing whisky. In its rebuttal the State showed appellant claimed he had rented the house to a man named Herring, and that upon information received from him search had been made by the officers for a man of that name but without success. The officers testified that they never heard of a man named Brinkett from any source until appellant took the witness stand in a former trial. The evidence seems ample to support the verdict.

The first bill of exceptions is somewhat confusing. Same recites that the district attorney offered in evidence before the court in the absence of the jury, the search warrant issued in this case, and the

defendant objected to the introduction of said search warrant on the ground that the affidavit upon which same was based did not recite any facts or circumstances on which the affiant based his information and belief that intoxicating liquors were then in the building proposed to be searched. The affidavit is made a part of the bill and appears to be composed of two parts attached to each other by a paper clip. One part contains the sworn statement that the reason affiant has for asking for the search warrant is that he has observed the building or house described in said affidavit, and has seen men go in and out from same, and has on the day of the making of the affidavit observed the odor of liquor coming from said house or building. We think this a sufficient statement of facts to support the conclusion of the magistrate that the affidavit was sufficient. The bill concludes by stating that the court overruled defendant's objection and admitted the results of the search in evidence before the jury, to which action of the court defendant then and there excepted. While we are not quite able to comprehend whether the bill intends to complain of the action of the court while in retirement in holding the affidavit sufficient, or his action in admitting before the jury evidence which is not set out in the bill of exceptions, but is referred to as "the results of the search," we are of opinion that in neither event would the bill of exceptions be meritorious.

We do not think the court abused his discretion or acted improperly in overruling appellant's motion to strike out that part of the affidavit for search warrant which was attached to the other part with a paper clip. The two attached parts bear the jurat of the same magistrate, of the same date, signed by the same affiant, and evidently have reference to the same transaction, and were intended to be but one instrument. There seems no question of the sufficiency of the search warrant had by the officers at the time they went into said house; the showing made of facts in the affidavit was primarily for the magistrate to pass upon, and it being apparent that he prepared both parts of said affidavit himself in the way in which they appear in this record, this court would not feel justified in saying that without any possible harm appearing to have resulted to this appellant from the fact that the affidavit was composed of two parts, each of which was attached to the other by the magistrate, that this should be held by us grounds for rejecting the testimony of the officers as to what was found in said ice house, or in holding the action of the trial court incorrect in passing upon the sufficiency of the affidavit when presented to him in chambers.

Bills of exception Nos. 3 and 5 set out at length the testimony of the officers as to what they found upon search of said ice house, objection to which was based on the proposition that there was no legal search warrant. We think the objections properly overruled.

Complaint is made by another bill of the action of the court in admitting in evidence before the jury the intoxicating liquor, equipment, etc., found as a result of the search; the objection being that there is no legal evidence to show appellant connected with said liquor and equipment. Without going into the evidence at any further length on this point, we think it amply sufficient not only to show that the house was his and its contents were under his care, control and management at the time the search was made, but also to show that he was actually present at various times when men were seen in and around the building under the influence of intoxicating liquor.

The bill of exceptions reserved to the overruling of the motion for new trial brings nothing before us for review since the motion is based only on the complaints of the action of the court in the admission and rejection of testimony.

No error appearing, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant questions the correctness of our opinion in construing the two attached affidavits as one instrument. They were made before the same magistrate on the same date and were fastened together with a clip which would seem to justify the conclusion that they should be considered together as one document. Further strength is added to such conclusion because, until the contrary is shown, we must assume the magistrate acted within his legal rights in issuing the search warrant. This right did not arise from the recitals in either of the affidavits when considered singly, but when taken together did contain averments authorizing the issuance of the warrant. Appellant's argument in his motion for rehearing that both of said affidavits might not have been before said magistrate when he issued the warrant, but that one might have been presented subsequent thereto is not supported by any proof on the subject. If the two affidavits were made at different times and both of them were not before, and considered by, the magistrate when the warrant issued such fact would appear to have been easy of ascertainment, but so far as the record shows no effort was made to enlighten the court on that point.

632

Both of the affidavits in question are signed "S. F. Hunt." The jurat to one of them reads "Sworn to and subscribed before me by Carl Utterback." The jurat is signed by Carl Utterback, Justice of the Peace. The point is now made that on its face the affidavit appears to have been sworn to not by Hunt but that Utterback swore himself to it. This question was not raised in the court below where there would have been opportunity for explanation with reference to such recital in the jurat. It is shown by the certificate of fact in one bill of exception that Hunt testified that he signed both affidavits and that Utterback swore him (Hunt) to each of them. The face of the jurat indicates a clerical error which is made certain by Hunt's evidence. Boren v. State, 192 S. W. 1063; Means v. State, 82 Tex. Cr. R. 323, 244 S. W. 149. See also authorities collated under Sub-division 8, Sec. 480, Branch's Ann. Tex. P. C.

Appellant's motion for rehearing is overruled.

*Overruled.*