## HERSCHEL BIRDWELL V. STATE

No. 31,456. February 10, 1960
Motion for Rehearing Overruled March 16, 1960

168

*McAlister & Benchoff,* by *Edmund Benchoff,* Nacogdoches, for appellant.

*Jack Varner,* County Attorney, Nacogdoches, and *Leon* Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, assessed upon a plea of guilty before the court, 3 days in jail and a fine of $500.

The record contains no bills of exception and no statement of facts.

Appellant complained in his motion for new trial and here contends that there is no valid complaint, and that no information had been presented at the time judgment was rendered. For each of said reasons he attacks the judgment as void.

The complaint reads:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"I, *Jack Varner,* do solemnly swear that heretofore, to-wit: on or about the 24 day of Aug. A.D. 1959, in the County of Nacogdoches and State of Texas, Herschel Birdwell, did then and there unlawfully: drive and operate a motor vehicle upon a public highway while intoxicated and while then and there under the influence of intoxicating liquor, against the peace and dignity of the State.

"C. A. Byars

"Sworn to and subscribed by C. A. Byars, a credible person, before me, on this the 25 day of Aug. A.D. 1959.

> "Jack Varner, County Attorney
> Nacogdoches County, Texas."

It is pointed out that the name of the county attorney appears both as the affiant and as the officer signing the jurat, and he could not be both.

The name of C. A. Byars appears as having been signed to the complaint, and the jurat of the county attorney is that the complaint was sworn to and subscribed by C. A. Byars before him.

Malz v. State, 36 Tex. Cr. R. 450, 34 S.W. 276, and Dunn v. State, 71 Tex. Cr. R. 89, 158 S.W. 300, support our conclusion that the insertion of the county attorney's name in the beginning of the complaint, instead of the name of the complainant, is an error of form and not of substance.

The attack upon the information cannot be sustained for like reason. It is based upon the word "Oct." in the portion of the information which reads: "Jack Varner, County Attorney of the County of Nacogdoches, State of Texas, at this the *Oct.* Term A.D. 1959, of said Court, comes in behalf of the State of Texas and in connection with the complaint of C. A. Byars herein filed, presents, * * * ."

The complaint and information were filed and the judgment rendered upon appellant's plea of guilty on August 25, 1959, which was during the July Term.

The recitation as to the term of court at which the information was presented is not requisite to a valid information under Art. 414 C.C.P.

The information having been filed before the case was called and tried, the insertion of *"Oct."* is not such error as may be complained of for the first time after judgment.

The judgment is affirmed.