**Glenn Carlton PARSONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41245.**

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied July 10, 1968.

W. C. Wiebusch, Buck C. Miller, Houston, (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Fred Heacock, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The prosecution herein was upon complaint filed in corporation court. After

conviction in that court he appealed to the county court.

Judgment was rendered in the County Criminal Court at Law No. 3 of Harris County finding the appellant guilty of speeding, and assessing his punishment at a fine of $101. From this judgment appellant gave notice of appeal to this court.

In the complaint contained in the record no person is alleged as the affiant. No name appears in the blank space provided for the name of the affiant at the commencement of the complaint form. No name is signed to the complaint as affiant. The jurat contains no name as affiant.

The complaint does not comply with the provisions of Art. 15.05, Sec. 4, Vernon's Ann. C.C.P., which require that:

"It (complaint) must be signed by the affiant by writing his name or affixing his mark."

For the reason pointed out, the complaint is void.

The judgment is reversed and the prosecution is ordered dismissed.

OPINION
ON STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

■ We were in error in holding that the complaint filed in corporation court did not comply with the requirement that the complaint "must be signed by the affiant by writing his name or affixing his mark."

The complaint reads:

"I, _____, do solemnly swear that I have good reason to believe, and do believe that Glenn Carlton Parsons on or about the 2nd day of October, 1966, and before the making and filing of this complaint, within the incorporated limits of the City of Houston, in the County of Harris, and State of Texas, while driving and operating a motor vehicle, with-in the distance between South Wayside Drive and Telephone Road upon the Gulf Freeway, a public street and highway there situate, did then and there drive said motor vehicle at a speed which was greater than was reasonable and prudent under the conditions then existing having regard to the actual and potential hazards and in excess of 50 miles per hour, to-wit: 60 miles per hour, the maximum lawful speed in said district and said location of said vehicle being 50 miles per hour.

"Against the peace and dignity of the State.

Carolyn T. Farber

"Sworn to and subscribed before me this 19th day of October, 1966.
H. C. Martin

Deputy Clerk of the Corporation Court of the City of Houston, Harris County, Texas"

The signature at the bottom of the affidavit or complaint appears to be the facsimile stamped signature of Carolyn T. Farber.

The complaint has not been attacked by motion to quash or exception.

There is nothing in the record which would support a conclusion by this court that Carolyn T. Farber did not actually place the signature on the affidavit or complaint.

■ The use of a stamp producing a facsimile of an original signature in signing legal documents has been upheld by this court. Stork v. State, 114 Tex.Cr.R. 398, 23 S.W.2d 733; Ex parte Spencer, 171 Tex.Cr.R. 339, 349 S.W.2d 727; Ex parte Britton, Tex.Cr.App., 382 S.W.2d 264.

■ We were also in error in giving weight to the absence of the name of the affiant Carolyn T. Farber in the body of the complaint. Upton v. State, 33 Tex.Cr.R. 231, 26 S.W. 197; Taul v. State, Tex.

**478**

Cr.App., 61 S.W. 394; Dunn v. State, 71 Tex.Cr.R. 89, 158 S.W. 300.

In Birdwell v. State, 169 Tex.Cr.R. 167, 332 S.W.2d 570, we held that the error in inserting the name of the county attorney instead of the complainant in the body of the complaint was an error of form and not of substance.

■ As to the jurat not containing the name of an affiant, any defect in the jurat could be corrected, and if such defects exist the error is not before this court for review. Snowden v. State, Tex.Cr.App., 410 S.W.2d 641; Short v. State, Tex.Cr.App., 408 S.W.2d 928; Hill v. State, Tex.Cr. App., 403 S.W.2d 797; Stanzel v. State, 112 Tex.Cr.R. 628, 18 S.W.2d 158.

In considering the sufficiency of a plea in abatement attacked as bad because it was not sworn to, the Supreme Court of Texas, in Chevallier v. H. H. Williams & Co., 2 Tex. 239, 242, pointed out that the defendant's name was subscribed to it "and the attestation of the clerk is in the following words: 'Sworn to and subscribed before me this 5th day of October, 1843. Samuel Hinton, Deputy Clerk.'" The Supreme Court said:

"In this case the clerk certifies that the plea was 'sworn to and subscribed,' for we can refer his attestation to nothing else but the plea; it is inserted at its conclusion, and is followed by his certificate that it was filed on the same day. Now, it would not be reasonable to conclude from the attestation that he had sworn to anything else but the truth of the plea. * * * We must give to the attestation a common sense interpretation; and in so doing we are bound to say the defendant, in offering the plea, proved its truth by his oath. It is sufficiently definite to sustain an indictment for perjury, if the facts sworn to are not true * * *."

1. The 1967 amendment restored the provision of Art. 518 V.A.C.C.P. in effect prior to the 1965 Code which placed the discre-

Art. 27.14 C.C.P., 1965, in effect at the time of appellant's trial in the County Criminal Court at Law No. 3, on his plea of guilty before the court, provided that "the punishment may be assessed by the court either upon or without evidence at the discretion of the defendant."[1]

Appellant elected to have the court assess the punishment on his plea of guilty upon the evidence.

The judgment of conviction in County Criminal Court at Law No. 3 rendered August 14, 1967, recites that the court heard the evidence submitted.

The only evidence reflected by the record is that which appellant consented in writing, under oath, would constitute "the evidence in this case."

A copy of an ordinance of the City of Houston establishing maximum speed limits on certain streets and zones of such streets was made a part of appellant's consent to stipulate.

The trial court approved the consent to the stipulation of the evidence subject to appellant's contention and the state's denial that the ordinance attached is unconstitutional in that it is vague; too general, indefinite and uncertain, and that it is inconsistent with Art. 6701d, Secs. 166 and 169, V.A.C.S.

The ordinance which was made a part of the stipulation is before us for review.

■ Whether such ordinance is otherwise valid or not, we find no provision therein establishing a prima facie speed limit of 50 miles per hour on the Gulf Freeway "between South Wayside Drive and Telephone Road," as alleged in the complaint. The conviction for exceeding such prima facie speed limit cannot stand.

The complaint being valid, our order that the prosecution be dismissed is withdrawn, otherwise the state's motion for rehearing is overruled.

tion in the *court* rather than the *defendant.*