**Glenn Carlton PARSONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42430.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Buck C. Miller (on appeal only), W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Edward B. McDonough, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This prosecution was upon a complaint alleging the violation of a speeding ordinance filed in corporation court. After conviction in that court, the appellant appealed to county court.

Upon a trial before the court without a jury, the appellant was found guilty in the County Criminal Court at Law No. 3 of Harris County of speeding and his punishment was assessed at a fine of $101. From this judgment, the appellant gave notice of appeal.

The complaint in this case is the same one used and relied on in Parsons v. State, 429 S.W.2d 476, a former appeal of this case.

The appellant contends that the evidence adduced at the trial is insufficient to sustain the conviction in that there is no evidence in the record that the section of the Gulf Freeway between South Wayside Drive and Telephone Road lies within any zone wherein an established prima facie maximum speed limit exists as alleged in the complaint.

This conviction rests upon a speeding ordinance of the City of Houston.

The state sought to make proof of the speeding ordinance by the oral testimony of the Assistant City Secretary. The appellant objected to such testimony on the ground that it was not the best evidence. The objection was overruled.

It is evident that the state does not rely upon the testimony of the Assistant City Secretary to make proof of the speeding ordinance for the reason that in its brief it relies alone upon the city ordinance introduced by the appellant.

Assuming that the Houston city ordinance introduced in evidence by the appellant establishes a prima facie maximum speed limit of 50 miles per hour from the centerline of Holmes to the centerline of Delano Street, the only evidence as to the location of that part of the Gulf Freeway between South Wayside Drive and Telephone Road was the testimony of Officer Greenwood.

Officer Greenwood testified as follows:

"Q From your personal knowledge, the distance between South Wayside Drive and Telephone Road is wholly and completely contained in the distance between Holmes Road?

"Mr. Wiebusch: I object to him leading.

"The Court: Sustained.

"Q (By Mr. McDonough) Do you know whether or not Officer whether South Wayside Drive and Telephone is contained in the distance between Holmes and Delano?

"Mr. Wiebusch: Objection.

"The Court: He said whether or not.

"The Witness: Yes, sir.

"Q (By Mr. McDonough) Do you know of your own knowledge?

"A Yes.

"Q Is the distance between South Wayside and Telephone—

"Mr. Wiebusch: Objection, that is repetitious.

"The Court: Sustained.

"Q (By Mr. McDonough) Is it contained within that distance?

"The Court: I just sustained it. Don't try to do by the back door what you can't do from the front.

"Mr. McDonough: Judge, excuse me. I am trying to clarify—

"The Court: He objected and I sustained it.

"Mr. McDonough: You are not going to let him answer as to his own knowledge?

"The Court: He answered, yes. You are not going back over it again, that is what he is objecting to.

"Q (By Mr. McDonough) Is it so contained within that distance?

"Mr. Wiebusch: Objection, that is repetitious.

"The Court: Sustained. If you ask it once—"

The testimony of Officer Greenwood reveals that he knew "whether or not * * * South Wayside Drive and Telephone (Road) is contained in the distance between Holmes and Delano" streets. However, his testimony does not show which of the two alternatives (whether or not) was true, that is, he never testified that South Wayside Drive and Telephone Road was within or that it was without the distance between Holmes and Delano streets. In this state of the record, this conviction cannot stand.

There is no provision per se in the ordinance introduced into evidence establishing a prima facie speed limit of 50 miles per hour on the Gulf Freeway "between South Wayside Drive and Telephone Road" as alleged in the complaint. Parsons v. State, supra.

The evidence is therefore insufficient to sustain the conviction.

The judgment is reversed, and the cause is remanded.

DOUGLAS, J., not participating.