### J. G. SMITH v. THE STATE.

No. 1386. Decided May 25, 1898.

1. **Libel—Indictment.**

See opinion for the charging part of an indictment held to sufficiently charge matters constituting libel.

2. **Freedom of the Press.**

The freedom of the press should not be abused so as to become an engine used for the purpose of vilifying and thus disturb the peace and quiet of the community.

APPEAL from the District Court of La Salle. Tried below before Hon. A. L. MCLEAN.

Appeal from a conviction for libel; penalty, a fine of $100.

No statement necessary.

*Lane & Hicks* and *W. J. Bowen,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of libel, and his punishment assessed at a fine of $100 ; hence this appeal.

Appellant made a motion to quash the indictment on the ground that it failed to charge an offense, which was overruled; and he assigns this action of the court as error. The charging part of the indictment is as follows : "Scandal is a vulture that dips in dirty pools, by reason of which Joseph Cotulla, Poland's distinguished son, or at times not improperly denominated 'La Salle's Squaw Belligerent,' talks altogether too much with his mouth. It is a task of no inconsiderable magnitude to convince the very easy-going Polack that his mouth was made as a means of ingress for food, not for empty bombast. The highly-esteemed Joseph's tongue is a little too scurrilous. He should surprise it with a muzzle. The old fellow seems to be troubled with an aggravated case of flatulency of the face. It often leaks like a lot of verba egesta. Joseph, the atmospherical exponent of the liar's inexorable decree, has had it in for the editor for, lo, these many moons. (Meaning thereby that the said Joseph Cotulla had been guilty of, and was in the habit of, making scandalous and scurrilous statements concerning others, which, if true, would be disgraceful to him, the said Joseph Cotulla, as a member of society, and the natural consequence of which is to bring him, the said Joseph Cotulla, into contempt among honorable persons; and further meaning thereby that he, the said Joseph Cotulla, had the moral vices of being a scandal monger and common liar, which, if true, would render him, the said Joseph Cotulla, unfit for intercourse with respectable society, and such as would cause him, the said Joseph Cotulla, to be generally avoided)," etc. It occurs to us that the effect of this was to impute to the prosecutor that he was a scandal monger of the meanest type (that is, that he was a vulture that dipped in dirty pools), and that he was, moreover, a common liar. The expression, "Joseph, the atmospherical exponent of the liar's inexorable decree," attributed to Joseph Cotulla, bears the meaning that he was given to lying, and that he had been guilty of an act disgraceful to him as a member of society, and the natural consequence of which is to bring him into contempt among honorable persons; that he was afflicted with the moral vice of being an inexorable liar. We believe the indictment sufficiently charged an offense. See McKie v. State, 37 Texas Crim. Rep., 544; Nordhaus v. State, 40 S. W. Rep., 804; Squires v. State, ante, p. 96.

The proof amply sustained the allegations of the indictment. Appellant himself testified in the case, and he stated that he wrote the article because Joseph Cotulla had been talking bad about him; that he heard that said Cotulla had called him a damned rascal and thief, and accused him of disposing of mortgaged property. "By calling Joseph Cotulla 'the atmospherical exponent of the liar's inexorable decree,' I simply meant that he had been telling lies on me. By saying 'that the highly esteemed Joseph's tongue was a little too scurrilous,' I meant that he was

circulating lies on me." He declined, however, to state what was meant by "scandal is a vulture that dips in dirty pools," stating that that was figurative. According to his own account, he evidently intended to impute to the prosecutor that he was a vicious and pestilent liar, and that he had been telling lies on him. We believe in upholding the freedom of the press, but this freedom should not be abused so as to become an engine used for the purpose of vilifying, and thus disturb the peace and quiet of the community. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.