CLEMENTE G. GONZALES ET AL. v. THE STATE.

No. 372. Decided January 26, 1910.

**Libel—Sufficiency of Information.**

See opinion for information alleging a libel which is held to be sufficient. Following Smith v. State, 39 Texas Crim. Rep., 320, and other cases. See opinion as to when the court will reverse on account of insufficient information.

Appeal from the District Court of Zapata. Tried below before the Hon. John F. Mullally.

Appeal from a conviction of libel; penalty, a fine of $200.

The opinion states the case.

*A. Winslow,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The record is without a statement of facts, bill of exception, motion for new trial, or motion to quash, or in arrest of judgment. There is filed in this court an original paper attacking the information for its alleged insufficiency to charge the offense of libel. If the information fails to charge that offense as required by the statute we would reverse and dismiss the prosecution, although not attacked in the trial court. This question is not a novel one. It is not here meant to hold that for all inaccuracies in the indictment this court would reverse and dismiss. The insufficiency of the indictment must be sufficiently manifested to show that it does not charge the offense defined and denounced by the statute. The charging part of the information is that appellant and Everardo Torres, in the county of Zapata, on or about the 22d of March, 1908, "did

then and there with intent to injure Zaragoza Dominguez, unlawfully and maliciously make, write, print, publish, sell and circulate a malicious statement of and concerning the said Zaragoza Dominguez and affecting the reputation of the said Zaragoza Dominguez to the tenor following:" Then follows a document set out in the information in Spanish. We copy the information, omitting the words in Spanish, at the conclusion of which the information continues: "which said malicious statement is in the Spanish language, and which when translated from the Spanish to the English language is to the tenor following:

"March 19, 1906.

"On the morning of this day Mr. Eduardo Gutierrez was cowardly assassinated at a place about one and a half miles distant north of this ranch, on one side of the public road that leads from Zapata to Laredo. The victim was a brother of our editor, Mr. Clemente G. Gonzales, and the doer of the deed is named Zaragoza Dominguez, who is actually a federal guard stationed at San Ygnacio, Texas. Many will be surprised that a crime of this nature should not have been enough to send the cowardly assassin (meaning Zaragoza Dominguez) to the cells of a prison; but when we consider the kind of justice that is administered in this county, the partiality and folly of many of our jurors and the measureless, shameful and powerful influence, which, unfortunately, many highwaymen enjoy (meaning that Zaragoza Dominguez is a highwayman) it is very clearly explained why this insulting and criminal favoritism is shown to an astute and fortunate individual, who has known how to impose himself on the dominant element in order to commit with impunity his cowardly and felonious acts (meaning that Zaragoza Dominguez has committed felonies with impunity). But sooner or later the light of truth will penetrate the mists of mystery and real justice will overwhelm the cowardly criminal and assassin in the dark cell of a penitentiary (meaning that Zaragoza Dominguez is a cowardly criminal and assassin), which is the place where assassins, highwaymen and all kinds of bandits and evildoers go." "Which said malicious statement was published in a newspaper in the Spanish language at the Uribeno ranch, in the county of Zapata, Texas. The name of said newspaper is 'El Aldeano,' and the editor is Clemente G. Gonzales, and the director is Everardo Torres. Against the peace and dignity of the State." The above is translation of the printed document into the English language.

It is contended this language does not come within the terms of the statute denouncing a punishment for the publication of libelous matters. Article 721 of the Penal Code reads as follows: "He is guilty of 'libel' who, with intent to injure, makes, writes, prints, publishes, sells or circulates any malicious statement affecting the reputation of another in respect to any matter or thing pointed out in this chapter." Among other articles set out in this chapter is 727 Penal Code, which

is as follows: "The written, printed or published statement to come within the definition of libel must convey the idea either—1. That the person to whom it refers has been guilty of some penal offense."

Without going into a discussion of the charging part of the information in detail, we are of opinion that the libelous matter set out is sufficient, under the statute, to accuse appellant of a penal offense, to wit: the murder and assassination of Eduardo Gutierrez, as is the reference to Zaragoza Dominguez as being a cowardly assassin. It will be noted that as stated in the alleged libelous document, Dominguez was a United States guard along the Rio Grande River, and, therefore, in that sense an officer. This would entitle appellant to prove the correctness of the published statement and thus show the truth of the alleged libelous statement. Penal Code, art. 747. However, on the face of the pleadings we are of opinion that this part of the published statement justifies the charge of libel. The proof of the matter would be a different proposition. The evidence is not before us. So we hold that the pleadings are sufficient, and the attack on the information is not well taken. Smith v. State, 39 Texas Crim. Rep., 320; Mankins v. State, 57 S. W. Rep., 950.

Believing the information is sufficient, the judgment is affirmed.

*Affirmed.*