There is no other question in the case, and the judgment is affirmed.

---

FERGUSON v. STATE. (No. 4090.)

(Court of Criminal Appeals of Texas. Oct. 4, 1916. On Motion for Rehearing, Nov. 15, 1916.)

1. INDICTMENT AND INFORMATION ⬅128 — JOINDER OF OFFENSES IN ONE COUNT.

An indictment for aiding and abetting the cashier of a state bank in violating Pen. Code 1911, art. 523, which declares guilty of felony a bank officer who embezzles or willfully misapplies any of its funds, *held* to be in one count only.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 403–413; Dec. Dig. ⬅128.]

2. INDICTMENT AND INFORMATION ⬅137(6)— CERTAINTY—GROUNDS FOR QUASHING.

An indictment for aiding and abetting the cashier of a bank in violating Pen. Code 1911, art. 523, *held* open to motion to quash, on the ground that its language and allegations are confused, indefinite, and unintelligible.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 486; Dec. Dig. ⬅137(6).]

3. INDICTMENT AND INFORMATION ⬅125(27) —SEPARATE COUNTS—SEPARATE OFFENSES.

Pen. Code 1911, art. 523, declaring guilty of felony an officer of a state bank who embezzles, abstracts, or willfully misapplies its funds, prescribes three separate and distinct offenses, which should be charged in separate counts, and not three ways in which a given offense can be committed, which may be alleged conjunctively.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. ⬅125(27).]

4. EMBEZZLEMENT ⬅11(1)—OFFENSES—"EMBEZZLE"—"ABSTRACT"—WILLFULLY "MISAPPLY."

Within Pen. Code 1911, art. 523, declaring guilty of a felony an officer or clerk of a state bank who "embezzles, abstracts, or willfully misapplies" its funds, "embezzle" refers to acts done for the benefit of the actor as against the bank, "misapply" covers acts having no relation to pecuniary profit or advantage to the doer, while "abstract" means only to take and withdraw from the possession and control of the bank; and while "embezzlement" may include the offenses of abstraction and willful misapplication, either of those offenses may be committed without embezzlement.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 9; Dec. Dig. ⬅11(1).

For other definitions, see Words and Phrases, First and Second Series, Abstract; Embezzle; Misapply.]

5. INDICTMENT AND INFORMATION ⬅138—MOTION TO QUASH—GROUNDS.

That the offense is not set forth "in plain and intelligible words," as required by Code Cr. Proc. 1911, art. 451, subd. 7, by article 576 made ground for motion to quash the indictment, is embraced in a motion to quash because "the language and allegations thereof are confused, indefinite, and unintelligible."

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 472; Dec. Dig. ⬅138.]

6. INDICTMENT AND INFORMATION ⬅138 — MOTION TO QUASH—GROUNDS.

The ground of motion to quash an indictment, that it does not charge any offense against the laws of the state, is sufficient within Code Cr. Proc. 1911, art. 575, providing that an exception of substance to an indictment is that it

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

does not appear from its face that an offense against the law was committed by defendant.

. [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 472; Dec. Dig. ☞138.]

7. CRIMINAL LAW ☞1133—APPEAL—ATTACKING INDICTMENT.

Validity of an indictment as to substance may be attacked at any time, even for the first time on motion for rehearing.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2984; Dec. Dig. ☞1133.]

8. INDICTMENT AND INFORMATION ☞196(7)—GROUND FOR QUASHING—DUPLICITY.

That an indictment is duplicitous on its face is a defect of substance, ground for quashing which can be raised at any time.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 635; Dec. Dig. ☞196(7).]

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

H. M. Ferguson was convicted, and appeals. Reversed and dismissed.

Perkins & Perkins and Guinn & Guinn, all of Rusk, and Wynne, Wynne & Gilmore, of Wills Point, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of "aiding and abetting in embezzlement," as stated by the judgment. It is claimed by both sides that the indictment was preferred under article 523, P. C., which as to the offenses charged is:

"Every president, cashier, director, teller, clerk or agent of any state bank, * * * incorporated under the laws of Texas; who embezzles, abstracts or willfully misapplies any of the moneys, funds or credits of such state bank, * * * with intent in either case to defraud such state bank, or any other corporation, body politic or any individual, person, firm or association, * * * and every person who, with like intent, aids or abets any officer, clerk or agent in any violation of this article, shall be deemed guilty of a felony, and shall, upon conviction, be imprisoned in the state penitentiary for a term of not less than five years nor more than ten years."

As will be seen from the indictment, it has some indications of having been preferred under article 96, P. C., also.

[1] The appellant contends that the indictment is in two counts; the state, that it is in one only. Omitting the usual commencement about the organization of the grand jury and the usual concluding part, the indictment is:

"That at the time and all the times herein alleged the Guaranty State Bank of Mt. Selman, at Mt. Selman, Tex., was a state banking association, which had been theretofore duly and legally incorporated, created, organized, and established under and by virtue of the acts of the Legislature of the state of Texas and under the laws of said state in such cases made and provided, and was then and there existing and doing a banking business as a state bank of deposit and discount at the town of Mt. Selman, state of Texas, county of Cherokee, and at all times herein alleged, one A. E. Burns was the cashier of said the Guaranty State Bank of Mt. Selman. And that heretofore, to wit, on or about the 15th day of December, A. D. 1915,

one H. W. Ferguson did then and there knowingly, willfully, fraudulently, and unlawfully and with the intent in him, the said H. W. Ferguson, to injure and defraud the said state bank, aid and abet the said A. E. Burns, he being then and there cashier as aforesaid, then and there unlawfully and fraudulently secrete and take, and to embezzle, abstract and willfully misapply certain of the moneys, funds, and credits of the said state bank for the use, benefit, and advantage of him, the said H. W. Ferguson, and for the use, benefit, and advantage of a person and persons other than the said state bank, the name and names of said person and persons being to the grand jurors unknown, to wit, the sum of $5,000 in current money of the United States of the value of $5,000 and the funds and credits of the value of $5,000, then and there belonging to and being the property of the said state bank without the knowledge and consent of said bank and its board of directors; that is to say the said A. E. Burns heretofore, to wit, on the day and year last aforesaid, in said county and state being then and there cashier as aforesaid, aided and abetted by the said H. W. Ferguson, did then and there knowingly, unlawfully, and fraudulently, and with the intent to injure and defraud said state bank, unlawfully and fraudulently secrete and take and willfully embezzle, abstract, and misapply certain of the moneys, funds, and credits of the said state bank, amounting to the sum of $5,000 and of the value of $5,000, a more particular description of which is to the grand jurors unknown, and cannot be given by the grand jury, in the manner and by the means to the grand jurors unknown, and the said A. E. Burns, by virtue of his cashiership as aforesaid, was the receiver and controller of and having charge of the moneys, funds, and credits of the said the Guaranty State Bank of Mt. Selman, and he, the said A. E. Burns, had received, and there had come into his hands and was then and there in his possession as such cashier, by virtue of the power of control, direction, and management said A. E. Burns had as cashier, as aforesaid, over the moneys, funds, and credits of said banking association, did then and there willfully, fraudulently, and unlawfully secrete and take and embezzle, abstract, and willfully misapply moneys, funds, and credits belonging to said bank, to wit, amounting to the sum of $5,000 current money of the United States of America and the funds and credits of said bank to the value of and to the amount of $5,000, a better description of which is to the grand jurors unknown, and cannot be given by the grand jury, which sum of moneys, funds, and credits he, the said A. E. Burns, did then and there unlawfully and fraudulently secrete and take from and out of the moneys, funds, and credits then and there belonging to and being the property of said state bank, without the knowledge and consent of said state bank and its board of directors, said sum of $5,000, a more particular description of which said moneys, funds, and credits so embezzled, abstracted, and willfully misapplied being to the grand jurors unknown, and same were taken without lawful authority, as they, the said H. W. Ferguson and A. E. Burns, and each of them, then and there well knew, and the said sum was then and there willfully, wrongfully, and unlawfully appropriated and converted to the use, benefit, and advantage of the said H. W. Ferguson and of the said A. E. Burns, and each of them, and for the use, benefit, and advantage of a person and persons other than the said state bank, the name and names of said person and persons to this grand jury unknown and the said H. W. Ferguson knowingly, willfully, fraudulently, and unlawfully aided and abetted the said A. E. Burns, cashier as aforesaid, therein with the intent in and of him, the said H. W. Ferguson, to injure and defraud said state bank."

[2, 3] We have carefully and repeatedly studied this indictment, and conclude that it is in one count only. The appellant made a motion to quash it on various grounds, one being "because the language and allegations thereof are confused, indefinite, and unintelligible." We think this ground of the motion is good, and should have been sustained. If it can be considered to charge any offense at all, it in one count charges three separate and distinct offenses, to wit: (1) Aiding and abetting embezzlement; (2) aiding and abetting abstracting; and (3) aiding and abetting, willfully misapplying, the public moneys, funds, etc., of said state bank.

We have not quoted all of the statute (article 523), but have omitted that part of it which has no application herein. The parts omitted also prescribe some separate and distinct offenses in addition to those we have mentioned above. This statute, and the indictment under it, does not come within the well-settled principle that when a statute prescribes two or more ways that a given offense can be committed, the indictment can allege all the ways conjunctively and sustain a conviction if either is properly proven, but, instead, this statute does not prescribe three separate and distinct ways of committing any given offense, but prescribes three separate and distinct offenses. Hence we think the indictment is also fatally defective, because in one count it charges three separate and distinct offenses, if, as stated, it charges any offense at all.

In criminal pleading, it is always permissible and commendable, when necessary or proper to charge an accused with the offense in separate counts in order to meet the proof as it may develop. Under this statute, each and every separate and distinct act of embezzlement, or of abstracting, or of willfully misapplying, is a separate and distinct offense, and can be preferred, and probably should be, in separate and distinct indictments. However, we see no necessity in the disposition we make of this case of discussing anything further in connection with the law or the indictment.

There is one matter, however, we will call attention to, and that is, the statement of facts embraces questions and answers, objections and arguments, remarks of the court and many other things it ought not to contain. If we had ever reached it herein, doubtless if the Assistant Attorney General had made a motion to strike out the statement of facts and not consider it because of the way it was made up, in all probability we would have sustained his motion. The statute on this subject and the many decisions are so clear and distinct to the effect that such a statement of facts will be struck out and not considered, but will not cite them again now.

The judgment is reversed, and the cause dismissed.

189 S.W.—18

## On Motion for Rehearing.

The state's able attorneys who were employed specially to prosecute this case have filed a very elaborate and lengthy argument and brief, urging vigorously and forcibly that this court erred in holding the indictment herein defective. They invoke several well-established doctrines as applicable herein, such as surplusage, and that an indictment can properly allege conjunctively all the ways, when there are more than one, in which a given offense may be committed, and that proof of either will sustain a conviction, and some others, citing and quoting very extensively many decisions of this court on these points. All these doctrines were thoroughly considered before the original opinion was prepared and handed down, and, upon the most mature deliberation, we concluded none of them had any application to this case. We deem it unnecessary to discuss any of these doctrines.

There can be no question but that if the statute under which this prosecution was had had prescribed only one offense and three or more ways in which it might have been committed, the indictment could legally and properly have charged conjunctively in one count the offense as committed in all these ways; but, as held in the original opinion, said statute prescribes three separate and distinct offenses, and not three ways of committing one offense. Said statute (P. C. art. 523), copied in the original opinion, was taken literally as applicable to our state banks from article 5209 of the United States Revised Statutes (U. S. Comp. St. 1913, § 9772), as applicable to national banks. The federal courts, in construing that statute, have expressly held that it provides for at least three separate and distinct offenses, to wit: (1) Embezzlement; (2) abstraction; and (3) willful misapplication, of any of the moneys, funds, or credits of such bank. U. S. v. Lee (C. C.) 12 Fed. 816, and many other cases from the federal courts to the same effect. After the most thorough search, we have been unable to find any decision of any federal court under that statute which holds, or intimates, that it prescribes but one offense and three ways of committing it.

[4] Each of the words, "embezzles," "abstracts," or willfully "misapplies" must be given effect. The word "misapply" was intended to include acts nor covered by the previous words "embezzle" or "abstract." To give "misapply" the same meaning as the word "embezzle" is to eliminate a word from the statute. This cannot be done. U. S. v. Fish (C. C.) 24 Fed. 585–591. The terms "embezzlement" and "misapplication" used with reference to the funds of a bank are not convertible terms. Jewett v. U. S., 100 Fed. 832–840, 41 C. C. A. 88, 53 L. R. A. 568. The word "embezzle" refers to acts done for the benefit of the actor as against the bank, while the word "misapply" covers acts hav-

ing no relation to pecuniary profit or advantage to the doer thereof. U. S. v. Taintor, 28 Fed. Cas. 7–9. "Abstract," as used in the statute, is a word of simple, popular meaning, without ambiguity. It means to take or withdraw from; so that to "abstract" the funds of a bank, or a portion of them, is to take and withdraw from the possession and control of the bank moneys, etc., alleged to be so abstracted. It has but one meaning, being that which is attached to it in its ordinary popular sense. U. S. v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664; U. S. v. Harper (C. C.) 33 Fed. 479. Embezzlement under this statute involves two essential elements: (1) A breach of duty or trust with respect to the moneys, etc., of the bank embezzled, which must have been lawfully in the custody or possession of the principal by virtue of his office or employment, although such possession need not have been exclusive of that of other officers, clerks, or agents; and (2) wrongful appropriation of such moneys, etc., to his own use, with intent to injure or defraud the bank or others. Embezzlement may include the offenses of abstraction and willful misappropriation, but either of the latter offenses may be committed without embezzlement. 3 Michie's Banks and Banking, p. 1932; U. S. v. Breese (D. C.) 131 Fed. 915; U. S. v. Youtsey (D. C.) 91 Fed. 864. An indictment for embezzlement must allege the moneys or funds were intrusted to the possession of the defendant, but an indictment for abstraction or misapplication need not. 3 Michie's Banks and Banking, p. 1948; U. S. v. Northway, supra; U. S. v. Johnson, Fed. Cas. No. 15,483. "Misappropriation" means wrong appropriation; to turn to a wrong purpose. Hagerty v. Badkin, 72 N. J. Eq. 473, 66 Atl. 424. The cases from the various federal circuit Courts of Appeal are not in harmony. There perhaps is some conflict between them. We have cited above those which we think are correct and in point.

The cases of Green v. State, 66 Tex. Cr. R. 452, 147 S. W. 593, and Ferrell v. State, 68 Tex. Cr. R. 487, 152 S. W. 901, particularly relied upon by the state, as well as other cases cited, we think, have no application to this case. In all those cases, we were discussing an indictment under a statute which did not make two or more separate and distinct offenses, but the two or more methods of committing one offense, and all these cases, properly considered, clearly make that distinction.

[5] Our statute, in various provisions, prescribes what allegations in an indictment shall be deemed sufficient. Among others, article 451, C. C. P., subd. 7, states: "The offense must be set forth in plain and intelligible words." Also article 576, C. C. P., expressly authorizes an accused to make a motion to quash the indictment for the want of any of the requisites prescribed by said article 451. One ground of the motion to quash this indictment was because "the language of the allegations thereof are confused, indefinite, and unintelligible." This ground did not follow the exact language in the statute that the offense was not set forth "in plain and intelligible words," but we think, without question, it embraced, and was intended to embrace, that provision of the statute, and not only authorized, but required, the court to pass upon it, and we are still of the opinion that the allegations of the indictment were so confused, indefinite, and unintelligible as not to charge the offense in plain and intelligible words. That alone would require that this case should be reversed and dismissed, as we held in the original opinion.

[6] Another ground of appellant's motion to quash said indictment was that it does not charge any offense against the laws of the state. The statute (article 575, C. C. P.) expressly provides that an exception of substance to an indictment is that it does not appear from the face of it that an offense against the law was committed by the defendant. We are also of the opinion that said ground to quash it sufficiently embraced and raised this question of the sufficiency of the indictment under said article of the statute, and this also not only authorized, but required, the lower court to pass upon the indictment on that ground. The lower court did so, and overruled that ground of the motion, as well as all others.

The state's attorneys cite State v. Schoolfield, 29 Tex. 502, wherein Judge Bell held that the motion or demurrer to quash the indictment in that case which was simply and solely because it was "insufficient in law," did not inform the court whether the objection was one of form or of substance, and that the lower court was not called upon to pass upon any such general objection. They also cite in that connection the case of Phillips v. State, in the same volume, page 234, wherein that decision of Judge Bell's was cited. In the Phillips Case the Supreme Court did not follow the Schoolfield Case, but, on the contrary, did consider the objection in that instance to the effect solely that the indictment was "insufficient, and charged no offense known to the law," and held, as the lower court did, that the indictment was good.

[7] This court, from its foundation continuously down to the present time, has uniformly held that the validity of an indictment as to substance may be attacked at any time in this or in the lower court, even after an affirmance in this court, and for the first time on motion for rehearing. White v. State, 1 Tex. App. 211; Holden v. State, 1 Tex. App. 234; Cox v. State, 8 Tex. App. 254, 34 Am. Rep. 746; Woolsey v. State, 14 Tex. App. 57; Maddox v. State, 14 Tex. App. 447; Gonzales v. State, 58 Tex. Cr. R. 141, 124

S. W. 937; Dunn v. State, 71 Tex. Cr. R. 91, 158 S. W. 300; Jasper v. State, 73 Tex. Cr. R. 198, 164 S. W. 851; Ryan v. State, 176 S. W. 49.

[8] In several well-considered cases this court has held that if the indictment is duplicitous on its face, the defect is one of substance, and is ground for an arrest of the judgment, and, in effect, can be raised at any time. Weathersby v. State, 1 Tex. App. 646; Hickman v. State, 22 Tex. App. 441, 2 S. W. 640; Scales v. State, 46 Tex. Cr. R. 301, 81 S. W. 947, 66 L. R. A. 730, 108 Am. St. Rep. 1014; Wood v. State, 47 Tex. Cr. R. 543, 84 S. W. 1058. The state claims that, as no motion was made to quash the indictment specifically because it was duplicitous and even if it was, alleging in one count three separate and distinct offenses, it was too late to raise such question after verdict, and call our attention to Cabiness v. State, 66 Tex. Cr. R. 416, 146 S. W. 934, and Green v. State, 66 Tex. Cr. R. 452, 147 S. W. 593, where we cited some authorities to that effect. It may be that under a peculiar state of fact such doctrine would apply, but we think it does not in this case. It is noticeable that while the court herein submitted conjunctively to the jury a finding on all three offenses embraced in the indictment and the verdict of the jury was general, the court applied the verdict and conviction by the judgment to aiding and abetting embezzlement. The testimony by the state not only fails to show embezzlement, but its own evidence positively establishes no embezzlement by Burns hence there could be no aiding and abetting in embezzlement by appellant. However, that has nothing to do with whether or not the indictment was fatally defective.

We have given this case and the questions arising in it an unusual amount of investigation and consideration, and also have carefully studied the state's brief and motion for rehearing, and we are thoroughly satisfied that our rulings in the original opinion were correct. The motion is therefore, overruled.