## F. N. POTTER v. THE STATE.

No. 7654. Delivered Jan. 7, 1925.

#### Criminal Libel—Motion in Arrest—Erroneously Refused.

The complaint and information in this case set out an article some twelve typewritten pages in length published by appellant, and circulated in Bexar County, at the end of which article it is stated as follows: "Meaning and intending to convey by the aforesaid language that . . . ' was dishonest, and therefore unworthy of such office." This court has often held that it is not enough to set out such lengthy articles, containing much matter which is clearly not libelous but that there should be *innuendo*, explanatory or directory averments so that the court might discover the pointed issue before them. The court erred in refusing to sustain appellant's motion in arrest of judgment. See Nordhaus v. State, 40 S. W. Rep., 804 and other cases cited in opinion.

Appeal from the County Court of Bexar County for Criminal Cases. Tried below before the Honorable Nelson, Lytle, Judge.

Appeal from a conviction for libel; penalty, a fine of $200.

*R. R. Smith,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court of Bexar county for criminal cases, of libel, and his punishment fixed at a fine of $200.00. In view of our disposition of this case it is not deemed to recite the facts.

It is believed that the learned trial judge fell into error in not granting appellant's motion in arrest of judgment. The complaint and information in this case set out an article some twelve typewritten pages in length which is alleged to have been printed in a newspaper published by appellant and circulated in Bexar County, at the end of which article it is stated as follows: "Meaning and intending to convey by the aforesaid language that * * * was dishonest and therefore unworthy of such office." In the first part of the information it was set out that "* * * was a candidate for office." There nowhere appears in said pleading any innuendo averment, or explanatory or directory statement as to what part or particular language used in the lengthy article referred to, is asserted to be that which imputed dishonesty to said candidate. That the major part of said article does not contain such language is evident from inspection; in fact if any of said article so states, it is a matter of inference and conclusion, and this court has often held that it is not enough to set out such lengthy

articles containing much matter which is clearly not libelous, but that there should be innuendo, explanatory or directory averment so that the accused primarily, and the courts before whom he has been haled secondarily, may focus their attention on the very language deemed objectionable and prepare and try the case with such pointed issue before them; and that they may not be compelled to seek here and there or try out this vagrant expression or sift those dubious words in an effort to arrive at what may be finally claimed by the prosecutor as the libelous utterance. Nordhaus v. State, 40 S. W. Rep., 804; McKie v. State, 37 Texas Crim. Rep., 544; Byrd v. State, 38 Texas Crim. Rep., 630; Squires v. State, 39 Texas Crim. Rep., 96; Potter v. State, 86 Texas Crim. Rep., 380.

The complaint and information failing to point out by such necessary averment the particular language claimed to be libelous, the State's pleading is bad, and the judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*