## J. B. POOL V. THE STATE.

No. 9158.   Delivered February 3, 1926.

**Libel—Indictment—Held, Insufficient.**

Where an indictment charging libel, sets out a written statement consisting of several typewritten pages containing divers charges of a questionable character against the libelee, without any innuendo, explanatory, or directory averment, directing the attention of appellant to what particular is relied upon as being libelous, is wholly insufficient to charge this offense. Following Potter v. State, 267 S. W. 486 and other cases cited in that opinion.

Appeal from the County Court of Comanche County.   Tried below before the Hon. F. J. Reese, Judge.

Appeal from a conviction for libel, penalty a fine of $250.00. The opinion states the case.

*G. E. Smith* of Comanche, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is libel; punishment fixed at a fine of $250.00.

The prosecution is based upon an alleged typewritten communication addressed to R. B. Creager of Brownsville, Texas, and purports to bear the signatures of J. B. Pool and a number of other persons who are described in the document as patrons of the Sipes Springs, Texas, postoffice, in which they protest against the appointment of R. A. Foster as Postmaster at Sipes Springs and ask the said R. B. Creager, as an influential Republican, to use his influence to prevent the appointment of Foster for various reasons.   These reasons consist of a variety of statements and cover several typewritten pages of the record.

The communication charges that Foster was a disloyal citizen; that he is "yellow through and through"; that he opposed the policy of the Government during the late war; that he refused to buy Government securities or to contribute to the Red Cross and other benevolent organizations; that it is understood that he pretends to be a member of the Republican Party when, in fact, he has always affiliated himself with the Democratic Party; that his father-in-law was postmaster

and during his incumbency had to make good a shortage of $500.00 which was occasioned by confusion resulting from the incompetency of the children of the postmaster, one of whom was the wife of Foster; that if appointed, he would probably use her as an assistant; that Foster was unpopular in the community; that his appointment as temporary postmaster was opposed by numerous persons in the community; that Foster's conduct towards the former postmistress, Miss Minnie Ashinhurst, was such as rendered him unworthy to succeed her; that she was a Republican and the daughter of a Republican, and had been postmistress for seventeen years; that her application for reappointment by President Harding was indorsed by a great majority of the people in the community; that Foster failed to sign the indorsement; that Miss Ashinhurst lost her life in an automobile accident; that Foster refused to buy flowers for her funeral.

Appellant disclaims any desire to name a postmaster but commends other applicants, and especially protests against the appointment of Foster for the reasons, in substance, stated above.

The indictment concludes with the statement that the writing imputes that Foster is guilty of acts and omissions which are disgraceful to him as a member of society and the natural consequence of which is to bring him into contempt with honorable persons.

The indictment is not materially different from that under consideration in Potter v. State, 267 S. W. Rep. 486, and the language of the court touching the indictment, so far as applicable to the one at present under consideration, is here quoted:

"There nowhere appears in said pleading any innuendo, averment, or explanatory or directory statement, as to what part or particular language, used in the lengthy article referred to, is asserted to be that which imputed dishonesty to said candidate. That major part of said article does not contain such language is evident from inspection; in fact, if any or said article so states, it is a matter of inference and conclusion, and this court has often held that it is not enough to set out such lengthy articles containing such matter which is clearly not libelous, but that there should be innuendo, explanatory or directory averment, so that the accused primarily, and the courts before whom he has been haled secondarily, may focus their attention on the very language deemed objectionable, and prepare and try the case with such pointed

issues before them, and that they may not be compelled to seek here and there or try out this vagrant expression or sift those dubious words in an effort to arrive at what may be finally claimed by the prosecutor as the libelous utterance. Nordhaus v. State (Tex. Cr. App.) 40 S. W. 804; McKie v. State, 37 Tex. Crim. Rep. 544, 40 S. W. 305; Byrd v. State, 38 Tex. Crim. Rep. 630, 44 S. W. 521; Squires v. State, 39 Tex. Crim. Rep. 96, 45 S. W. 147; 73 Am. St. Rep. 904; Potter v. State, 86 Tex. Crim. Rep. 380, 216 S. W. 886."

In refusing to sustain the motion to squash the indictment, we are of the opinion that the learned trial judge fell into error, for which reason the judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*