ANTONIO PEREZ v. THE STATE.

No. 13023. Delivered October 30, 1929.
Rehearing denied December 18, 1929.
Reported in 22 S. W. (2d) 309.

The opinion states the case.

*J. R. Garnand* and *R. R. Smith,* both of Jourdanton, for appellant.

*C. S. Slatten,* Dist. Atty., of Jourdanton, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for two years.

It was charged in the indictment that appellant "did then and there unlawfully with malice aforethought shoot Will O'Dell with intent then and there to kill the said Will O'Dell." Appellant made

no motion to quash the indictment, but filed a motion in arrest of judgment. The motion was predicated on the ground that the indictment failed to charge that appellant assaulted the injured party with intent to murder him.

The statute provides that the motion shall be granted "upon any ground which may be good upon exception to an indictment or information for any substantial defect therein." Art. 763 C. C. P. Again the statute provides that "no judgment shall be arrested for want of form." Art. 764 C. C. P. Article 511 C. C. P. reads as follows:

"There is no exception to the substance of an indictment or information, except—

1. That it does not appear therefrom that an offense against the law was committed by the defendant.

2. That it appears from the face thereof that a prosecution for the offense is barred by lapse of time, or that the offense was committed after the finding of the indictment.

3. That it contains matter which is a legal defense or bar to the prosecution.

4. That it shows upon its face that the court trying the case has no jurisdiction thereof."

Art. 396 C. C. P. provides that an indictment shall be deemed sufficient if it has the requisites set forth in said article. Article 512 C. C. P. reads as follows:

"Exceptions to the form of an indictment of information may be taken for the following causes only—

"1. That it does not appear to have been presented in the proper court, as required by law.

2. The want of any other requisite or form prescribed by Articles 396 and 414, except the want of the signature of the foreman of the grand jury, or in the case of an information, of the signature of the State's attorney."

It is well settled that if the indictment upon its face charges no offense, the question may be raised for the first time in this court. White vs. State, 1 Tex. App. 211; Holden vs. State, 1 Tex. App. 225; Cox et al. vs. State, 8 Tex. App. 254, 34 Am. Rep. 746; Woolsey vs. State, 14 Tex. App. 57; Maddox vs. State, 14 Tex. App. 447; Gonzales vs. State, 58 Tex. Cr. R. 141, 124 S. W. 938; Dunn vs. State, 71 Tex. Cr. R. 89, 158 S. W. 300; Jasper vs. State, 73 Tex. Cr. R. 197, 164 S. W. 851; Ryan vs. State, 76 Tex. Cr. R. 510, 176 S. W. 49; Pospishel vs. State, 255 S. W. 738. The

question here is: Was the indictment sufficient upon its face to charge an offense? If the indictment was not defective in matter of substance, the motion in arrest of judgment came too late. Leon et al. vs. State, 252 S. W. 551; Ortez vs. State, 276 S. W. 236; Melley vs. State, 248 S. W. 367.

In charging assault with intent to murder, it is not necessary to allege the means used nor the manner of their use. Branch's Annotated Penal Code of Texas, Sec. 1623, page 946; Bittick vs. State, 40 Tex. 117; Mayfield vs. State, 40 Texas 289; Nash vs. State, 2 Tex. Cr. Apps. 364; Hines vs. State, 3 Tex. Cr. Apps. 483; Montgomery vs. State, 4 Tex. Cr. Apps. 140; Payne vs. State, 5 Tex. Cr. Apps. 35; Davis vs. State, 20 Tex. Cr. Apps. 302; Price vs. State, 22 Tex. Cr. Apps. 110, 2 S. W. 622; Douglass vs. State, 26 Tex. Cr. Apps. 109, 9 S. W. 489; Mathis vs. State, 39 Tex. Cr. Rep. 550, 47 S. W. 464. An assualt and the specific intent to kill actuated by malice must concur in order to constitute an assault with intent to murder. Branch's Annotated Penal Code of Texas, Sec. 1632 and authorities cited; Young et al. vs. State, 151 S. W. 1046. In Carr vs. State, 41 Tex. 543, the Supreme Court of this state held that the act of shooting the injured party with a pistol included the act of assaulting him. The word "assault" was not used in the indictment in that case, the charge in effect being that the appellant shot the injured party with a pistol with intent to murder him. In the instant case, the weapon used was not named in the indictment, it being alleged in substance, as hereinbefore stated, that appellant, with malice aforethought, shot the injured party with intent to kill him. Art. 1160 P. C. reads as follows:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; if the assault be made with a bowie-knife or dagger, or in disguise, or by laying in wait, or by shooting into a private residence, the punishment shall be double."

It is expressly provided by Art. 8 of our Penal Code that all words used in the Penal Code, "except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." It is noted that the term "shooting" as used in Art. 1160, supra, is not specially defined in the statute. We think that the charge that one with malice aforethought shot another with intent to kill him would be commonly understood to mean that the

shot was fired with a gun, pistol, or other weapon capable of inflicting death or serious bodily injury. If this be true, then the failure of the pleader in the instant case to name the weapon used by appellant would not render inapplicable the principle announced in Carr vs. State, supra. Giving effect to such principle, the charge that appellant with malice aforethought shot the injured party included the act of assaulting him. An assault being thus included and a specific intent to kill being alleged, the indictment charged the offense of assault with intent to murder. Whether a motion to quash or exception to the form of the indictment for the failure to use the term "assault" or describe the weapon used in shooting the injured party would have been good is not decided.

No bills of exception are in the record. The evidence upon which the conviction rests is not brought forward.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that the indictment did not charge the offense, and that we erred in declining to uphold his motion in arrest of judgment. The indictment charged that Perez shot O'Dell with malice aforethought and with intent to kill him. We have often held that in charging an assault with intent to murder "It is not necessary to state the instrument or means made use of to effectuate the murderous intent." Montgomery v. State, 4 Texas Crim. App. 140; Payne v. State, 5 Texas Crim. App. 35. See numerous authorities cited by Mr. Willson in his Criminal Form Book, Form No. 477. Where there is an allegation that in what was done there was an intent to kill, also that what was done was with malice aforethought,—there would be left only the question as to whether the indictment sufficiently alleged an assault. If so, such indictment would charge an assault with intent to murder.

Any unlawful violence to another with intent to injure him is an assault and battery, within the terms of Art. 1138 P. C.; any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault. We know of no

case holding the allegation of an ability to commit a battery, as necessary in an indictment for assault. The contrary has been the rule since Greenwood v. State, 35 Texas Rep. 583. We held in Crutchfield v. State, 10 S. W. (2d) 119, that to allege that an act was done with malice aforethought, was equivalent to an allegation that such act was intentional. It is said in Art. 8, P. C., that all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed. This is but a rule of common sense and is applicable to words used in an indictment. Taking into consideration the use of the language employed in the instant indictment, and looking to the indictment as a whole, we do not regard it as a strained construction to hold that an indictment which charges that P shot O with malice aforethought and with intent to kill him, charges an assault with intent to murder. The omission of the allegation that P made an assault upon O, and the omission of some description of the general character of the weapon used in so doing, is not to be commended but avoided. It is better and more commendable to adhere to beaten paths in such matters, thus avoiding multiplication of needless issues and increase of unnecessary labor in the solution of such issues.

Being unable to agree with the contention of appellant, and believing that the indictment sufficiently charges the offense, the motion for rehearing will be overruled.

*Overruled.*