C. L. HAWKINS V. THE STATE.

No. 20115.   Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

414

The opinion states the case.

*Louis Wilson,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of violating the Medical Practice Act and his punishment was assessed at confinement in the county jail for one day and a fine of $50.00.

His first contention is that the complaint, and information based thereon, fail to charge an offense under Art. 739, P. C. The information, omitting the formal parts, reads as follows: "That heretofore, on or about to-wit: the 22 day of Mar. A. D., 1938, one C. L. Hawkins of the County of Dallas and State of Texas, in said County and State as aforesaid, did then and there unlawfully treat and offer to treat a disease and disorder, mental and physical, and a physical deformity and injury and to effect a cure thereof, and did then and there charge, directly and indirectly, money and other compensation therefor, and did then and there, in the County and State aforesaid, on or about the date aforesaid, treat and offer to treat Henry Scott, a human being, for a disease and disorder, mental and physical, and a physical deformity and injury and to effect a cure thereof, and did then and there charge the said Henry Scott, directly and indirectly, money and other compensation therefor, without first having registered in the office of the District Clerk of Dallas County and State of Texas, in which County and State the said C. L. Hawkins, then and there resided, maintained an office, designated a place for meeting, advising with, treating and prescribing for patients, the certificate evidencing his right to practice medicine, as issued to him by the Texas State Board of Medical Examiners, together with his age, postoffice address, place of birth, name of medical college from which he graduated, and date of graduation, subscribed and verified by oath, etc."

Art. 739 P. C. reads as follows: "It shall be unlawful for anyone to practice medicine, in any of its branches, upon human beings within the limits of this State who has not registered in the District Clerk's office of every County in which he may reside, and in each and every County in which he may maintain an office or may designate a place for meeting, advising with, treating in any manner, or prescribing for patients, the certificate evidencing his right to practice medicine, as issued to him by the Texas State Board of Medical Examiners, together with his age, post office address, place of birth, name of medical college from which he graduated, and date of graduation, subscribed and verified by oath, which if wilfully false, shall subject the affiant to conviction and punishment for false swearing, as provided by law. The fact of such oath and

record shall be endorsed by the District Clerk upon the certificate. The holder of every such certificate must have the same recorded upon each change of residence, to another County, as well as in each and every County in which he may maintain an office, or in which he may designate a place for meeting, advising with, treating in any manner, or prescribing for patients; and the absence of such record in any place where such record is hereby required shall be prima facie evidence of the want of possession of such certificate."

Art. 741 P. C. reads as follows:

"Any person shall be regarded as practicing medicine within the meaning of this chapter:

"1. Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof.

"2. Who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

It is obvious that the information charges the offense in the language of the statute which is ordinarily sufficient. It was not necessary for it to charge, as contended by appellant, that appellant *publicly* professed to be a physician or surgeon and offered to treat any disease or disorder, mental or physical, as set out in Section one of Art. 741. It was sufficient for the information to charge Section two of said article. The pleader might have charged in the language of either or both of said sections as he saw fit, because if appellant did the things mentioned in either, he came within the statutory definition of what constitutes the practice of medicine.

We have carefully examined the various other objections urged to the information and have reached the conclusion that none of them are tenable. See Singh v. State, 66 Tex. Crim. Rep., 156. His contention that the information is insufficient because it fails to negative the exceptions contained in Art. 740 P. C. is without merit. See Ash v. State, 134 Tex. Crim. Rep., 208; Stansbury v. State, 133 Tex. Crim. Rep., 411; Kerley v. State, 230 S. W., 163. If appellant had been authorized to engage in the practice of medicine under any of the exceptions enumerated in Art. 740, P. C., he could have shown the same as a defense.

Appellant's next contention is that the court erred in de-

clining to instruct the jury to return a verdict of not guilty. In this there was no error. The information charged an offense and the state's testimony supports the allegation. It was proved that appellant lived in the City of Dallas; that he had a sign in his yard which read as follows:

"Dr. C. L. Hawkins, Telephone Number 87-3646, Chiropractor, Naturopathic, Toxine Elimination, Exercise and Health Diet and Health Service."

The testimony further shows that on the 22d day of March, 1938, and some time prior thereto, Henry Scott had been suffering with tuberculosis of both lungs and of the bowels. That on the date aforesaid, as well as a few days prior thereto, he went to see appellant with the view of obtaining medical treatment and medicine to relieve his physical condition. On two different occasions Scott obtained a bottle of medicine from appellant and paid him for it—once four dollars and another time three dollars and some cents. He advised Scott to take a spoonful of the medicine each morning and night. It was also shown that appellant had not registered a certificate from the State Medical Board of Examiners with the Clerk of the District Court of Dallas County where he pursued his profession.

Appellant urged a number of objections to the court's charge. A careful examination thereof in the light of the objections leads us to the conclusion that the same are without merit.

Appellant also complains because the court declined to permit him to offer in evidence the Charter of the Texas State Naturopathic Association. We are unable to understand upon what theory it might have been admissible. A charter granted to an association by the Secretary of State would not authorize anyone to engage in the practice of medicine without first having complied with the medical practice act; nor could it relieve anyone from prosecution for a violation thereof.

In his motion for a new trial, appellant complains of the misconduct of the jury. The state contested the motion and upon a hearing thereof the trial court overruled it and appellant in due time excepted. Ordinarily the granting or refusal of a motion for a new trial rests within the sound discretion of the court, and unless it is made to appear that the court abused his discretion we would not be authorized to disturb his judgment. In this case the testimony adduced upon the hearing of the motion is not before us; consequently we are unable to determine whether the court abused his discretion.

All other matters complained of appear to us to be without merit. We have read appellant's brief in which he presents

many principles of law and argues with much force that they apply to the facts adduced in the instant case. In our opinion they are not applicable. Every case must be decided on its own peculiar facts and the law applicable thereto.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant calls our attention to the fact that the testimony adduced upon the hearing of the motion for new trial is properly before this court in a bill of exception. Relative to alleged misconduct on the part of the jury, it is shown that four of the jurors voted for conviction from the time they retired to deliberate upon the case. Notwithstanding the uncontroverted evidence showed that appellant treated Henry Scott, one juror expressed the opinion that the proof on the point was not sufficient and also declared that if appellant was in fact a chiropractor, he should not be convicted. There was a telephone directory in the jury room, which the juror consulted for the purpose of determining whether the appellant was listed as a chiropractor. Finding that he had not been so listed, he agreed to a verdict of guilty. In qualifying the bill of exception, the court stated: "Such list was in evidence and that it did not show the name of C. L. Hawkins as a chiropractor." Looking to the bill as qualified, we are unable to reach the conclusion that the trial judge abused his discretion in overruling the motion for new trial. It might be added that we doubt whether, under the circumstances shown, the juror could impeach his verdict in the manner here shown.

We are unable to agree with the appellant's contention that the evidence is insufficient to support the conviction.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.