

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable T. J. Crowe, Secretary
Texas State Board of Medical Examiners
918 Mercantile Building
Dallas, Texas

Dear Sir:

Opinion No. 0-2621
Re: Requirements of complaint, infor-
    mation and charge of court in
    case of alleged violation of med-
    ical practice Act.

We have carefully considered your letter of recent date requesting
our advice relative to the above subject.

You submit the form used by your organization in preparing complaint
and information charging alleged violation of the medical practice
Act, and desire our opinion as to whether same may be changed to
eliminate the use of the phrase "practice of medicine", which you
state in certain cases creates confusion in the minds of jurors
sitting in said cases, the language of the complaint, information
and charge of the court impelling the belief that one practices
medicine only when he prescribes drugs. This, you infer, places a
greater burden upon the State than the law contemplates.

The statutes condemning the unlawful practice of medicine, with
which we are here concerned, are as follows:

> Article 739. "AUTHORITY TO PRACTICE TO BE REGISTERED.
>
> "It shall be unlawful for any one to practice medicine, in
> any of its branches, upon human beings within the limits of
> this State, who has not registered in the District Clerk's
> office of every County in which he may reside, and in each
> and every county in which he may maintain an office or may
> designate a place for meeting, advising with, treating in
> any manner, or prescribing for patients, the certificate
> evidencing his right to practice medicine, as issued to him
> by the Texas State Board of Medical Examiners, together with
> his age, post office address, place of birth, name of medical
> college from which he graduated, and date of graduation, sub-
> scribed and verified by oath, which, if wilfully false, shall
> subject the affiant to conviction and punishment for false

swearing, as provided by law. The fact of such oath and record shall be endorsed by the District Clerk upon the certificate. The holder of every such certificate must have the same recorded upon each change of residence to another County, as well as in each and every County in which he may maintain an office, or in which he may designate a place for meeting, advising with, treating in any manner, or prescribing for patients; and the absence of such record in any place where such record is hereby required shall be prima facie evidence of the want of possession of such certificate."

Article 741. "PRACTICING MEDICINE. Any person shall be regarded as practicing medicine within the meaning of this chapter:

"1. Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof.

"2. Who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

Article 742. "UNLAWFULLY PRACTICING MEDICINE. Any person practicing medicine in this State in violation of the preceding articles of this chapter shall be fined not less than fifty nor more than five hundred dollars, and be imprisoned in jail not exceeding six months. Each day of such violation shall be a separate offense. "

The mimeographed form you submit with your letter requesting this opinion has been given unqualified approval by the Court of Criminal Appeals. Hawkins v. State, 136 Tex. Cr. R. 413, 125 S.W. (2d) 580; Piner v. State, 131 Tex. Cr. R. 266, 97 S.W. (2d) 953. In the Hawkins case the form is set out in heac verba.

In the closing part of the specimen complaint you have interlined with a pen your suggested changes. For the sake of brevity, we do not here copy the entire form, but the clause you desire to change, as approved by the court reads: "the certificate evidencing his right to practice medicine, as issued to him by the Texas State Board of Medical Examiners," etc., and the language you suggest would be: "the certificate evidencing his authority or right to treat or offer to treat the said_____for a disease or disorder as issued to him by the State of Texas," etc.

In the Piner case, supra, the charge in part reads:

"Any person shall be regarded as practicing medicine within the meaning of the law, who shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method or to effect cures thereof, and to charge therefor, directly or indirectly money or other compensation.

"The practice of medicine as defined by the Statutes of the State of Texas includes every method or system used in the treating of any disease or disorder, deformity or injury, whether said treatment consists of the use of mechanical means or in the administration of drugs. And you are instructed that in order for the defendant in this case to be guilty it was not necessary that he should have prescribed or administered any drugs, but that if he did on or about the 20th day of July, A.D. 1935, or any day within two years prior to the filing of the complaint in Hunt County, Texas, treat or offer to treat any disease, disorder, deformity or injury, by the application of his hands to the person named in the information, or by the use of any other system or method treat or offer to treat the person named in the information for any disease, disorder, deformity or injury, and charge therefor, he would within the meaning of the statutes of this State have been a practicioner of medicine."

The identical information now used and which you submit, as well as a charge substantially as here quoted, was used in the Piner case, supra, as well as in Hoy v. State, 134 Tex. Cr. R. 226, 115 S. W. (2d) 629, and Ehrke v. State, 134 Tex. Cr. R. 222, 115 S. W. (2d) 631. In each case the Court of Criminal Appeals overruled the attacks made upon the complaint, information and charge. We have verified the published opinions by an examination of the original transcript on file in the office of the Clerk of the Court of Criminal Appeals.

Many cases have affirmed the fact that the use of the words in the statute "practice of medicine" does not preclude successful prosecution, though the practicioner does not use medicine. 33 Tex. Jur. 302, 13, Ex parte Collins, 57 Tex. Cr. R. ", 121 S. W. 501, affirmed 223 U. S. 288, 32 S. Ct. 286, 56 L. Ed. 439; Newman v. State, 58 Tex. Cr. R. 223, 124 S. W. 956.

Article 8 of our Penal Code reads as follows:

"Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

In view of the above article, an indictment alleging that defendant with malice aforethought shot the injured party with intent to kill him, was held sufficient to charge an assualt with intent to murder in the case of Perez v. State, 114 Tex. Cr. R. 473, 22 S. W. (2d) 309. However, the court said:

> "The omission of the allegation that P made an assualt upon O, and the omission of some description of the general character of the weapon used in so doing, is not to be commended, but avoided. It is better and more commendable to adhere to beaten paths in such matters, thus avoiding multiplication of needless issues and increase of unnecessary labor in the solution of such issues."

In the case of Allen v. State, 97 Tex. Cr. R. 467, 262 S. W. 502, the pleader, in drawing an indictment for theft, substituted the word "obtain" for the word "take" in describing the fraudulent acquisition of the property. We quote a part of the opinion:

> "The word 'take' is used in the statute; the word 'obtain' is used in the indictment, while they may in a sense be interchangeable, it is believed that they are not synonymous in the sense that one may be substituted for the other in charging theft under the particular article of the statute upon which this prosecution is founded. 'Taking' as embraced in Article 1329, supra, has received judicial interpretation a number of times. (Citing several cases.) What is meant by 'fraudulent taking', as the words are used in the statute under consideration, is so well settled that their use in the indictment for theft under Article 1329, supra, leaves no room for inquiry touching their meaning. It is not essential that an indictment be embraced in the language of the statute; nor is it always sufficient to do so, but where the language of the statute is plain and the meaning well understood, not only from the face of the statute, but from the previous judicial interpretation, a departure from the statutory language ought not to be practiced. See Sparks v. State, 76 Tex. Cr. R. 263, 174 S. W. 352."

Article 410 of the Code of Criminal Procedure reads as follows:

> "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Nevertheless, in the notes following the statute in Vernon's Annotated Criminal Statutes, Code of Criminal Procedure, Vol. 1, p. 299, it is said:

"It is always safer, in describing the offense, to use the words of the statute, instead of undertaking to substitute them with other words of equivalent or more comprehensive meaning."

It is our opinion that since the Court of Criminal Appeals has specifically approved the form you are now using, and has sanctioned the charge of the court set out above, it would be greater wisdom to "adhere to the beaten paths" by continuing their use. We believe it would be the safer course to pursue because the offense is the "unlawful practice of medicine," so denominated by both Articles 739 and 742, supra; while Article 741 was evidently inserted by the Legislature to clarify, explain and enlarge upon the commonly accepted meaning of the term in compliance with the spirit and intent of Article 8, Penal Code, supra.

In any event, we express disapproval of the proposed change you submit for two reasons: (1) We know of no legal right of any board or commission to grant authority or right to "treat or offer to treat" an individual "for a disease or disorder", but the right to practice medicine is a general one; and (2) "as issued to him by the State of Texas" is too general, since the Texas State Board of Medical Examiners is the only instrumentality of the state with the right to license practicioners.

                                        Yours very truly

                                        ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 22, 1940
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL                By    Benjamin Woodall
                                             Assistant

BJ:BBB:ml